ACCEPTED
01-15-00523-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 1:38:20 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00523-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 1:38:20 PM
CHRISTOPHER A. PRINE
Clerk

_____

GLENN BECKENDORFF, IN HIS OFFICIAL CAPACITY
AS WALLER COUNTY JUDGE, ET. AL.

Appellants

v.

CITY OF HEMPSTEAD, TEXAS AND
CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD

Appellees

_____

On Appeal from the 506th Judicial District Court
of Waller County, Texas, Cause No. 13-03-21872;
The Honorable Terry Flenniken, Presiding

_____

**CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD'S
MOTION TO DISMISS PURSUANT TO RULE 42.3 AND
MOTION FOR SANCTIONS**

_____

Terry L. Scarborough
State Bar No. 17716000
tscarborough@hslawmail.com
V. Blayre Peña
State Bar No. 24050372
bpena@hslawmail.com
Wesley P. McGuffey
State Bar No. 24088023
wmcguffey@hslawmail.com

HANCE SCARBOROUGH, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Telephone: (512)479-8888
Facsimile: (512)482-6891

ATTORNEYS FOR APPELLEE
CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD

1

TO THE HONORABLE FIRST COURT OF APPEALS:

Comes now Citizens Against the Landfill in Hempstead (CALH) and files this Motion to Dismiss pursuant to Tex. R. App. P. 42.3 and Motion for Sanctions. CALH would respectfully show unto the Honorable First Court of Appeals the following:

## I. INTRODUCTION

For the citizens of Waller County, and especially CALH, certain actors involved in the open meeting violations in Waller County have become akin to the monster in a horror movie who just won't die. Every time the protagonist believes he has defeated the monster, the protagonist is caught by surprise with just one more attack. While this makes for good entertainment in a horror movie, the legal system should not tolerate such tactics. Throughout the litigation below, and previously before this Court, the Appellants have taken gamesmanship to a new level. This frivolous appeal is another attempt to deplete scarce resources of a non-profit organization seeking to protect the environment, to ensure open government, and to exercise its legal rights to challenge the actions of its elected officials.

Pursuant to Tex. R. App. P. 42.3, CALH respectfully requests the Honorable First Court of Appeals to dismiss this appeal because the Court lacks jurisdiction when the Appellants do not have standing to bring the appeal. CALH would further show that Appellants do not have capacity to bring the appeal. CALH

2

further requests that this Court sanction Appellants pursuant to Tex. R. App. P. 45, Tex. Civ. Prac. & Rem. Code §10.001 et. seq., and Tex. R. Civ. P. 13, and award CALH its attorney's fees.

## II.    BACKGROUND FACTS

This appeal was filed by *former* County Judge Glenn Beckendorff, *former* Commissioner Frank Pokluda, and *former* Commissioner Stan Kitzman on behalf of Waller County after the entry of an Agreed Final Judgment on February 20, 2015, to which Waller County agreed.  Two separate Notices of Appeal were filed to instigate this appeal; however, neither document correctly stated that Appellants were no longer county officials.

This omission is significant when you review these documents, which purport to be filed by the Appellants in their "official capacity."  The allegation of "official capacity" appears to be a blatant and intentional misrepresentation to this Court since Appellants are well aware they no longer hold office.  In addition to failing to inform this Court that Appellants were no longer elected officials and parties to the litigation below, Appellants also failed to include past related appeals on the docketing statement filed on April 22, 2015.  One can only speculate this omission was an attempt to forum shop and avoid the First Court of Appeals, who previously ruled against the pre-trial appeal proceedings of Appellants.

3

As this Court will remember, these parties were previously before the court for a Petition for Writ of Mandamus (Court of Appeal Number: 01-14-00916-CV) and Interlocutory Appeal (Court of Appeals Number: 01-14-00946-CV).[1] The facts leading up to the previous appellate proceedings concerned the trial court's decision to carry Waller County's plea to the jurisdiction with the trial of the merits, which was scheduled to begin December 1, 2014. While Waller County had notice of the trial setting for over five months, it waited until after the first day of jury selection to file a petition for writ of mandamus and emergency motion for stay in an attempt to delay the trial. On November 21, 2014, the Court of Appeals denied Waller County's petition for writ of mandamus and dismissed the emergency motion for stay, as moot.

Two days later, Waller County filed its notice of interlocutory appeal. Waller County claimed it had a right to appeal by virtue of the denial of its motion for summary judgment, which allegedly denied its plea to the jurisdiction impliedly. Waller County conveniently forgot to mention that it had alleged the exact opposite with the Court of Appeals only a few days earlier. CALH immediately filed a motion to dismiss the interlocutory appeal. In addition to dismissal of the appeal, CALH requested the Court of Appeals to lift the automatic

---

[1] CALH requests the Court of Appeals to take judicial notice of its file concerning the petitions, motions, responses, and orders/judgments contained in Court of Appeal Number: 01-14-00916-CV and Court of Appeals Number: 01-14-00946-CV.

4

stay so that the parties could proceed to trial, which was only a week away. On November 26, 2014, the Court of Appeals granted the motion to dismiss and issued the mandate. [2]

In light of the mandate, the trial court commenced trial and seated the jury on December 1, 2014. *See* Exhibit A – Agreed Final Judgment. However, Appellants continued to take every action to stop the trial, including filing a motion for en banc consideration and an emergency motion to enforce statutory automatic stay, or in the alternative writ of prohibition. On December 2, 2014, the Court of Appeals denied the motion for en banc consideration and dismissed the emergency motion to enforce statutory automatic stay, or in the alternative writ of prohibition. [3]

Meanwhile, back at the trial court, the questions of fact were submitted to the jury at the conclusion of the presentation of evidence. *See* Exhibit A. In all nine questions submitted, the jury concluded that Waller County took various actions, which violated the Texas Open Meetings Act and Public Information Act. The jury verdict was rendered on December 18, 2014. During the pre-trial appellate proceedings and through the trial on the merits, Beckendoff, Pokluda,

---

[2] As a point of reference, the notice of interlocutory appeal was filed the Sunday before Thanksgiving, and the Court issued its mandate around 5pm on the Wednesday before Thanksgiving.

[3] In addition to the inconsistent pleadings Appellants filed with the First Court of Appeals, Appellants filed almost identical and inherently contradictory motions/petitions with the Texas Supreme Court, which were denied (*See* Texas Supreme Court Case Nos. 14-0972 and 14-1001).

and Kitzman were elected officials. However, that changed effective January 1, 2015, as discussed in more detail below.

On January 16, 2015, after the jury verdict was rendered, but before the final judgment was entered, Waller County filed a motion to dismiss. *See* Exhibit B – Waller County's Motion to Dismiss and/or Motion to Strike. In this motion to dismiss, Waller County admitted Beckendorff, Pokluda, and Kitzman (Appellants herein) were no longer members of the Commissioners Court and held no official capacity with Waller County. *Id*. at 4. Because two of the Commissioners had lost their elections, and the County Judge did not seek re-election, "their official capacities as the representatives and officers of Waller County expired effective January 1, 2015." *Id*. Waller County attached the affidavit of the County Clerk to verify the fact that Beckendorff, Pokluda, and Kitzman were no longer elected officials for Waller County.

While Beckendorff, Pokluda, and Kitzman were no longer members of the Commissioners Court, the current sitting Commissioners authorized their attorneys to enter settlement negotiations with CALH. *See* Exhibit C – Minutes Waller County Commissioners Court Regular Session. Pursuant to those settlement negotiations, the parties filed a Joint Motion for Entry of Agreed Final Judgment on February 20, 2015. *See* Exhibit D – Joint Motion for Entry of Agreed Final Judgment. That same day, the Agreed Final Judgment was signed after a properly

noticed hearing was held before the Court. *See* Exhibit A. The Agreed Final Judgment was signed on behalf of the "Attorneys for Waller County Defendants," and was agreed as to form and substance. *Id.* Waller County lodged no objections in writing to the Agreed Final Judgment or orally during the hearing.

After the Agreed Final Judgment was entered, CALH believed the long saga, which began two years earlier, was finally over. The Settlement Agreement had been entered into on behalf of Waller County, and included their officers, agents, attorneys, and past and present elected officials of Waller County in their official capacities. *See* Exhibit E – Compromise Settlement Agreement and Release. Waller County represented that it had complete and full authority to act on its behalf and to bind it. *Id.* at 5. Further, each of the Parties irrevocably waived any and all rights to appeal any issue related to the claims made in the lawsuit. *Id.* at 3. Nevertheless, as evident by this appeal, the monster has not died yet and the saga continues.

### III. <u>MOTION TO DISMISS</u>

This appeal should be dismissed for at least two reasons: 1) Appellants lack of standing, and 2) Appellants lack of capacity.[4] Both of these items are required

---

[4] While CALH's Motion to Dismiss will focus on these two reasons, CALH has reviewed both the City of Hempstead's Motion to Dismiss and Waller County's Motion to Dismiss, and agrees with the reasons laid out therein.

for this Court to have jurisdiction. Since Appellants lack both, dismissal is appropriate under Texas Rule of Appellate Procedure 42.3(a).

**A. Appellants Lack Standing**

"Standing is implicit in the concept of subject matter jurisdiction. Standing focuses on the question of who may bring an action. . . The general test for standing is whether 1) there is a real controversy between the parties, 2) which will actually be determined by the judicial declaration sought." *Lazarides v. Farris*, 367 S.W.3d 788, 801 (Tex. App. – Houston [14th Dist.], no pet.)(internal citations omitted). Here, Appellants cannot meet their burden.

In the first instance, there is no controversy between the parties. The parties in the proceeding below involved the Waller County Judge, in his official capacity, and the Waller County Commissioners, in their official capacity. An official capacity suit is really just another way of pleading a suit against the governmental entity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). Here, that would mean the suit, although including the County Judge and Commissioners in their official capacities, was against Waller County.

Effective January 1, 2015, Glenn Beckendorff was replaced by Carbett "Trey" Duhon, III as Waller County Judge. *See* Exhibit B - Affidavit of Debbie Hollan attached thereto. On that same date, Appellants Pokluda and Kitzman were likewise replaced as members on the Waller County Commissioners Court. *Id.* As

shown in Exhibit A, the actual parties on February 20, 2015 agreed to the form and substance of the Agreed Final Judgment. No lawsuit was filed against Glenn Beckendorff, personally or in his individual capacity, and as such, he is not a party and has no standing to individually appeal a judgment. Furthermore, by virtue of the Agreed Final Judgment, Appellants cannot demonstrate to this Court that a controversy actually exists.

In the second instance, Appellants cannot demonstrate a particularized injury in a conflict distinct from that sustained by the public at large. *See Lazarides*, 367 S.W.3d at 801. An official capacity suit, such as this one, "actually seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name ….a suit against the entity.'" *Tex. A&M Univ. Sys. V. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007). In the Agreed Final Judgment and Settlement Agreement, Waller County agreed to the invalidation of a County Ordinance and contract. Waller County also agreed to pay a sum of money to the City of Hempstead and CALH for attorney's fees. *See* Exhibit A. Appellants Beckendorff, Pokluda, and Kitzman were not ordered to personally pay any money out of their pocket. At this point in time, Beckendorff, Pokluda, and Kitzman cannot allege any injury separate and distinct from a member of the general public as it relates to the Agreed Final Judgment.

9

## B. Appellants Lack Capacity

A party has capacity to file or defend a suit if it has the legal authority to act. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848-49(Tex. 2005). Here, Appellants Beckendorff, Pokluda, and Kitzman have no authority to file this appeal on behalf of Waller County, as evidenced by the Waller County Commissioners Court resolution attached as Exhibit A to Waller County's Motion to Dismiss filed with this Court. For the Court's convenience, CALH has attached said resolution to this Motion as Exhibit F. Specifically, that resolution makes the following statements:

> the Commissioners Court of Waller County, Texas has given no authorization to pursue an Appeal of the Agreed Final Judgment, and
>
> the Commissioners Court does not seek to disturb the Agreed Final Judgment reached with all parties in the original suit;
>
> Waller County acting by and through its Commissioners Court respectfully requests that the Court of Appeals . . . dismiss the current pending matter …."

Appellants Beckendorff, Pokluda, and Kitzman cannot provide any evidence to this Court of their capacity to appeal a judgment entered by the trial court against Waller County.

Furthermore, to allow ex-officials to appeal a judgment against the governmental entity would lead to a ludicrous result. In essence, the Court of

10

Appeals would be accepting briefs and arguments from Waller County Judge (Beckendorff) alleging there was reversible error, while Waller County Judge (Duhon) would argue to uphold the trial court's judgment. If the court were to allow this type of schizophrenic appeal, it would be giving more authority to a former elected official than even the Article III courts possess. *See generally Ector County v. Stringer*, 843 S.W.2d 477 (Tex. 1992)(discussing how District Courts have a limited supervisory role over Commissioners Court and cannot substitute its discretion for that of the Commissioners Court).

The voters of Waller County have spoken in choosing to elect Appellants out of office.[5] While Appellants may dislike the actions of the current sitting Waller County Commissioners Court in agreeing to the form and substance of the Agreed Final Judgment, their complaints are more appropriately dealt with at the ballot box when they lack capacity to complain in the courts.

## IV.   MOTION FOR SANCTIONS

There are three sources of authority which regulate attorneys and parties concerning the filing of pleadings with the courts and specifically prohibiting the filing of frivolous pleadings. As set forth in detail throughout this motion, the appeal is frivolous. Therefore, CALH respectfully requests this Court to award it

---

[5] Kitzman and Pokluda lost their elections, while Beckendorff chose not to run for re-election.

11

just damages against Appellants pursuant to Tex. Civ. Prac. & Rem. Code §10.001 et. seq., Tex. R. Civ. P. 13., and Tex. R. App. P. 45.

**A. Authority for Sanctions.**

The Civil Practice and Remedies Code provides that the signing of a pleading or motion is a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry,

1) The pleading or motion is not being presented for any improper purpose;

2) Each claim, defense, or legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law; and

3) Each allegation or other factual contention in the pleading or motion has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for investigation. Tex. Civ. Prac. & Rem. Code §10.001.

Texas Rule of Civil Procedure 13 also addresses the certification attorneys and parties make when they file pleadings, motions, or other papers with the Court. Under Rule 13, the signature of attorneys and parties certifies that after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Groundless is defined as "no basis in law

or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." Tex. R. Civ. P. 13.

Lastly, as specifically related to appeals, Texas Rule of Appellate Procedure 45 provides for damages if the Court of Appeals determines than an appeal is frivolous. "An appeal is frivolous if when it is brought there were no reasonable grounds to believe the judgment would be reversed or when it is pursued in bad faith." *Mahoney v. Slaughter*, No.01-14-00471-CV, 2015 Tex. App. LEXIS 4668, *10 (Tex. App. – Houston [1st Dist.] May 7, 2015, no pet. h.).

## B. Argument for Sanctions

The Court of Appeals should sanction Appellants and their attorneys for the filing of this appeal and failing to voluntarily dismiss the appeal after notice of Appellees' intent to file Motions to Dismiss. The notices of appeal were factually inaccurate and misleading when they purported to be filed in the official capacity and on behalf of the Waller County Judge and two Commissioners. Further, the sworn statements of Appellant Beckendorff, attached to the Motion for Extension of Time to file Notice of Appeal, confirms the fact that Appellant lacks standing and capacity. For the convenience of the Court, the affidavits are attached hereto as Exhibit G.

13

Beckendorff admitted, via affidavit filed in this appellate proceeding, the following facts:

- He was not County Judge of Waller County after December 31, 2014 because he did not seek re-election.

- He understood that after December 31, 2014 he would no longer be a party to the lawsuit because he was no longer an elected official.

The attorney for Appellant admitted in his affidavit attached to the same motion that he knew Beckendorff was no longer County Judge as of December 31, 2014. He also admitted reviewing the "court's file" and "Agreed Final Judgment." The attorney goes on to state that "if Judge Beckendorff is going to have remedies adjudicated against him in the Judgment, he should not be denied any opportunity allowing due process of appeal or other challenge . . . ."

Contrary to the sworn statement of Appellants' attorney, no remedies were adjudicated against Beckendorff in his individual capacity. As stated in the previous section, the Agreed Final Judgment declared an ordinance void, declared a contract void, and ordered Waller County to pay certain attorney's fees. There is no allegation, and there has never been any allegation, that Beckendorff, Pokluda, or Kitzman were parties to the contract which was declared void. Not one of the Appellants was ordered to personally pay for the other parties' attorney's fees.

14

For Appellants' attorney to claim remedies were adjudicated against Beckendorff is groundless. There is no basis in law or fact for an attorney to believe his client has a right to appeal a judgment for which he was not a party and was not required to pay damages. Further, under these circumstances this appeal is frivolous because there are no reasonable grounds to believe the agreed judgment would be reversed when all parties jointly moved for the Agreed Final Judgment to be entered and the face of the judgment itself shows it was agreed as to form and substance.

Appellants had an opportunity to pull down this appeal prior to the filing of the Motions to Dismiss by the City of Hempstead, Waller County, and CALH, but refused to do so. On May 14, 2015, the City of Hempstead and CALH wrote to Appellants' attorney setting forth the specific deficiencies concerning Appellants' attempt to appeal. *See* Exhibit H – Letter to David Carp sent on behalf of City of Hempstead and CALH. In this correspondence, Appellees complain about Appellants' lack of standing, in addition to a laundry list of other problems. Appellees also notified Appellants of their intent to seek sanctions   Appellants did not respond to the correspondence in writing and did not seek to dismiss the appeal.

**C. Appropriate Sanctions would be an Award of Attorney's Fees**

As a direct result of this appeal, CALH has incurred reasonable and necessary attorney's fees in the amount of $7,500.00. *See* Exhibit I, Affidavit of V. Blayre Peña. This represents 20 hours of work at the rate of $375.00 per hour. The work performed was reasonably necessary to represent CALH and protect its interest. *Id*. The amount of work was reasonable given the issues and unusual aspects of this case. *Id*. The hourly rate and the total amount of fees are reasonable for an attorney of Peña's skill and experience. *Id*. Because this appeal was the direct cause of CALH incurring fees, those fees are a reasonable measure of just damages.

## V.    CONCLUSION AND PRAYER

When the conduct of Beckendorff, Pokluda, and Kitzman came to light, they were unable to convince the voters that their conduct should be condoned. Beckendorff, Pokluda, and Kitzman were also unable to convince a jury of their peers, which lead to an adverse judgment. It is not known whether Beckendorff, Pokluda, and Kitzman lobbied the new Commissioners Court. However, if they did, the Agreed Final Judgment demonstrates they were unsuccessful there as well. Given the losses Beckendorff, Pokluda, and Kitzman have suffered at each stage, it would be unjust to allow this appeal to proceed any further. As the current County Judge was quoted in the papers, the County should be provided an opportunity to

16

start to heal. Allowing a rogue appeal by persons with no standing and no official capacity prevents that healing from occurring and only works as an injustice.

At some point, the horror movie must end, and most people would want the protagonist to prevail and the monster to finally die. After a hard and long fought battle, CALH believed it had finally reached that point. Yet, over the objection of the real parties in interest, the monster in this story is refusing to die. Only the dismissal of this appeal can ultimately defeat the monster and allow the moviegoers to go home.

For all the foregoing reasons, CALH respectfully requests this Court to dismiss this appeal and award it reasonable and necessary attorney's fees.

Respectfully Submitted,

HANCE SCARBOROUGH, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Telephone: (512)479-8888
Facsimile: (512)482-6891

By: __*/s/ V. Blayre Peña*_____
V. Blayre Peña
State Bar No. 24050372
bpena@hslawmail.com
Terry L. Scarborough
State Bar No. 17716000
tscarborough@hslawmail.com
Wesley P. McGuffey
State Bar No. 24088023
wmcguffey@hslawmail.com


COUNSEL FOR APPELLEE
CITIZENS AGAINST THE
LANDFILL IN HEMPSTEAD

18

## CERTIFICATE OF CONFERENCE

The undersigned conferred with counsel of record. On May 14, 2015, CALH and the City of Hempstead sent a letter via email to counsel for Appellants advising them of the steps Appellees intended to take to get the appeal dismissed and Appellees' intent to seek sanctions. Counsel for Beckendorff, Pokluda, and Kitzman did not respond to the letter in writing and did not withdraw their appeals. The undersigned further conferred via email sent on June 16, 2015 with all counsel of record to advise of CALH's intent to file this motion. Appellee City of Hempstead, Waller County, and Pintail Landfill LLC are not opposed this motion.

Appellants Beckendorff, Pokluda, and Pokluda have not indicated whether they oppose this motion.

*/s/ V. Blayre Peña*
V. Blayre Peña

# CERTIFICATE OF SERVICE

I certify that on June 18, 2015, a true and correct copy of this document was forwarded via certified mail, return receipt requested, facsimile, and/or electronically, to the following:

David A. Carp
Hergzog & Carp
427 Mason Park Boulevard
Katy, Texas 77450
Facsimile: (512) 781-4797
*Attorneys for Appellants*

Hon. Terry Flenniken, Visiting Judge
terryflenniken@gmail.com
506th Judicial District Court
403 West Alamo Street,
Brenham, Texas 77833
Telephone: (979)251-2760
Facsimile: (979) 277-0030

Eric C. Farrar
efarrar@olsonllp.com
OLSON & OLSON, LLP
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone: (713)533-3800
Facsimile: (713)533-3888
*Attorneys for Appellee*

Brent W. Ryan
bryan@msmtx.com
MCELROY, SULLIVAN, MILLER,
WEBER, & OLMSTEAD, LLP
P.O. Box 12127
Austin, Texas 78711
Telephone: (512) 372-8111
Facsimile: (512)327-6566
*Attorney for Pintail Landfill, LLC*

Elton Mathis, Jr.
Waller County District Attorney
Ruhee G. Leonard
Assistant District Attorney
645 12th Street
Hempstead, Texas 77445
Facsimile (919) 826-7722
*Attorneys for Waller County*

Michael S. Truesdale
mike@truesdalelaw.com
Law Office of Michael S. Truesdale, PLLC
801 West Avenue, Suite 201
Austin, Texas 78701
Telephone: (512) 482-8671
Facsimile: (866) 847-8719
*Attorneys for Pintail Landfill, LLC*

*/s/ V. Blayre Peña*
V. Blayre Peña

20

| GLENN BECKENDORFF, IN HIS | § | IN THE FIRST COURT OF |
|---|---|---|
| OFFICIAL CAPACITY AS | § | |
| WALLER COUNTY JUDGE, ET. AL | § | |
| | § | APPEALS |
| v. | § | |
| | § | |
| CITY OF HEMPSTEAD AND | § | |
| CITIZENS AGAINST THE | § | |
| LANDFILL IN HEMPSTEAD | § | HOUSTON, TEXAS |

## APPENDIX IN SUPPORT OF CALH'S MOTION TO DISMISS AND MOTION FOR SANCTIONS

CALH submits the following documents in support of Motion to Dismiss and Motion for Sanctions.

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Agreed Final Judgment |
| B | Waller County's Motion to Dismiss and/or Motion to Strike |
| C | Minutes Waller County Commissioner's Court Regular Session |
| D | Joint Motion for Entry of Agreed Final Judgment |
| E | Settlement Agreement |
| F | Waller County Commissioners Court Resolution |
| G | Affidavits of Floyd Glenn Beckendorff and David A. Carp |
| H | Letter to David Carp sent on behalf of City of Hempstead and CALH |
| I | Affidavit of V. Blayre Peña |

# EXHIBIT A

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS<br>    Plaintiff, | § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| and | § <br> § | |
| CITIZENS AGAINST THE LANDFILL<br>IN HEMPSTEAD | § <br> § <br> § | WALLER COUNTY, TEXAS |
| v. | § <br> § <br> § | |
| WALLER COUNTY, TEXAS, ET. AL.<br>    Defendants. | § <br> § | 506TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

Before the Court is the above-styled and numbered cause of action. On December 1, 2014, the case was called for trial. Plaintiff City of Hempstead ("Hempstead") appeared through its attorney of record and announced ready for trial. Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH") appeared through its attorney of record and announced ready for trial. Defendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively "Waller County"), appeared in person and by their attorney of record and announced not ready for trial. Defendant, Pintail Landfill, LLC, ("Pintail") appeared in person and by its attorney of record and announced not ready for trial. After denying the Motions to Abate and Requests for Continuance, a jury, consisting of 12 qualified jurors having been previously demanded, was duly empanelled and the case proceeded to trial.

The Court, after examining the record and the evidence and argument of counsel, finds that venue is proper in Waller County, that the Court has jurisdiction over the subject matter and the parties in this case, and that the Court has jurisdiction to enter a judgment in this case.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1. The Parties also entered into certain Stipulations of Fact, which are incorporated for all purposed by reference, and attached hereto as Exhibit 2.

Following the verdict of the jury of December 18, 2014, Hempstead, CALH, Pintail Landfill and Waller County filed a Joint Motion for Entry of Agreed Final Judgment. In said Motion, the parties represent that they have reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court and have agreed to the entry of final judgment.

Accordingly, the Court renders the following Agreed Final Judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Waller County Ordinance No. 2013-001 is void.

IT IS FURTHER ORDERED that the Host Agreement between Waller County, Texas, and Pintail Landfill, LLC is void.

IT IS FURTHER ORDERED that Plaintiff City of Hempstead have and recover from Waller County attorneys' fees in the amount of Two Hundred Forty-Five Thousand Dollars and no cents ($245,000).

IT IS FURTHER ORDERED that Plaintiff-Intervenor Citizens Against the Landfill in Hempstead have and recover from Waller County attorneys' fees in the amount of Three Hundred Twenty-Five Thousand Dollars and no cents ($325,000).

13 - 03 - 21872

IT IS FURTHER ORDERED that the total amount of the judgment rendered will bear interest at a rate of Five Percent (5%) per annum from the date of this judgment until paid in full.

Pursuant to the terms of the parties' settlement agreement giving rise to this Agreed Final Judgment, the parties do not present to this Court for adjudication, and this Court does not adjudicate, any issue concerning any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration No. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such Registration and Permit Application.

All costs of court spent or incurred in this cause are to be borne by the party incurring same. All writs and processes for the enforcement and collection of this judgment may issue as necessary.

All other relief requested in the live pleadings of any party that is not specifically granted is DENIED. This is a final judgment that disposes of all claims and parties.

SIGNED this 20 day of ___Feb___, 2015.

_____
TERRY L. FLENNIKEN, JUDGE PRESIDING

**AGREED AS TO FORM AND SUBSTANCE:**

Art Pertile
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
ATTORNEYS FOR INTERVENORS/CITIZENS
AGAINST LANDFILL

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

Filed
AT 3:07 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY _____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas,<br>　Plaintiff | § | IN THE DISTRICT COURT OF |
| | § | |
| And | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL IN<br>HEMPSTEAD,<br>　Plaintiff Intervenor | § | |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| WALLER COUNTY, TEXAS, COUNTY<br>JUDGE BLENN BECKENDORFF,<br>COMMISSIONER FRANK POKLUDA,<br>COMMISSIONER STAN KITZMAN,<br>COMMISSIONER JERON BARNET,<br>COMMISSIONER JOHN AMSLER, and<br>PINTAIL LANDFILL, L.L.C.<br>　Defendants. | § | 506th JUDICIAL DISTRICT |

**CHARGE OF THE COURT**

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

1



Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1.    Do not let bias, prejudice or sympathy play any part in your decision.

2.    Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.    You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.    If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.    All the questions and answers are important. No one should say that any question or answer is not important.

6.    Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

2

7.      Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.      Do not answer questions by drawing straws or by any method of chance.

9.      Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10.     The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers to pay for another trial. If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

3

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1. The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2. Waller County is a governmental body.

3. All questions for the Jury relate to the time period on or before February 13, 2013.

4

## DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1.  A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

    a.  "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

    b.  Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2.  "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3.  "Meeting" means:

    a.  A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

    b.  A gathering:
        i.    That is conducted by the governmental body;
        ii.   At which a quorum of members of the governmental body is present;
        iii.  That has been called by the governmental body, and;
        iv.   At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4.  "Closed Meeting" means a meeting to which the public does not have access.

5.  "Quorum" means a majority of a governmental body.

6.  A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.

5

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

6

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

7

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a)     Host Agreement           **Answer:** ___Yes___ ("Yes" or "No")

(b)     Ordinance 2013-001     **Answer:** ___Yes___ ("Yes" or "No")

8

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a)     Host Agreement             Answer: _Yes_____ ("Yes" or "No")

(b)     Ordinance 2013-001          Answer: _Yes_____ ("Yes" or "No")

9

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Numbers 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a)     Host Agreement          Answer: __Yes__ ("Yes" or "No")

(b)     Ordinance 2013-001      Answer: __Yes__ ("Yes" or "No")

10

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a)  Host Agreement          Answer: __Yes__ ("Yes" or "No")

(b)  Ordinance 2013-001      Answer: __Yes__ ("Yes" or "No")

11

## INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

12

## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

13

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

Terry L. Flenniken
JUDGE PRESIDING

Filed 9³⁴⁄ₐ
12.18.14
TLF, Judge Presiding

16

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

*Verdict THJ*

(To be signed by the presiding juror if the jury is unanimous.)

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror

*verdict THJ*

(To be signed by those rendering the verdict if the jury is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
| --- | --- |
| *[signature]* | Charles D. STEINMETZ |
| *[signature]* | MICHAEL A. LANNON |
| *[signature]* | Joyce Bean |
| *[signature]* | Randly Theirs |
| Joyce Callaway | Joyce Callaway |
| Lilliana Salinas | Lilliana Salinas |
| *[signature]* | SCOTT McKenzie IV |
| *[signature]* | Robert L. Derrick |
| *[signature]* | Juan Avulas |
| *[signature]* | Nancy Willers |
| *[signature]* | Trisha Smith |

17

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas,<br>　　Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| And | §<br>§ | |
| CITIZENS AGAINST THE LANDFILL IN<br>HEMPSTEAD,<br>　　Plaintiff Intervenor | §<br>§<br>§<br>§ | |
| v. | §<br>§ | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY<br>JUDGE BLENN BECKENDORFF,<br>COMMISSIONER FRANK POKLUDA,<br>COMMISSIONER STAN KITZMAN,<br>COMMISSIONER JERON BARNET,<br>COMMISSIONER JOHN AMSLER, and<br>PINTAIL LANDFILL, L.L.C.<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 506ᵗʰ JUDICIAL DISTRICT |

## AGREED STIPULATIONS OF FACT

COMES NOW Plaintiff City of Hempstead, Plaintiff Intervenor Citizens Against

the Landfill in Hempstead, and Defendants Waller County, Texas, County Judge Glenn

Beckendorff, Commissioner Frank Pokluda, Commissioner Stan Kitzman, Commissioner

Jeron Barnett, Commissioner John Amsler, and Pintail Landfill, LLC and presents these

Agreed Stipulations of Fact to the Court. The Parties agree that the existence of such

stipulations shall not be published to the Jury or mentioned in argument before the jury.

I.　**Agreed Stipulations of Fact Regarding Contract Exception to Open Meetings Act, Texas Government Code § 551.0725.**

Waller County Commissioners Court did not invoke Texas Government Code

§ 551.0725 (relating to Deliberation Regarding Contract Being Negotiated) to enter

executive session or closed meeting on February 13, 2013, January 2, 2013, or December

*Received and filed. 12.17.14*
*543*
*p*

*Terry Flenniken*
*Judge Presiding*

AGREED STIPULATIONS OF FACT　　　　　　　　　　　　　　　　　　Page 1 of 3

EXHIBIT
2

19, 2012. The Waller County agenda notices and minutes for these meetings do not claim Texas Government Code § 551.0725 as authority for entering executive session.

Further, Waller County Commissioners Court did not meet any of the requirements to deliberate business or financial issues relating to a contract being negotiated, which are enumerated in Texas Government Code § 551.0725. Specifically, (1) the Waller County Commissioners Court did not vote unanimously that deliberation would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; (2) the attorney advising the Waller County Commissioners Court did not issue a written determination that deliberation in an open meeting would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; and (3) the Waller County Commissioners Court did not make a tape recording of the closed meeting.

## II.     Agreed Stipulation of Fact Regarding Extraterritorial Jurisdiction of City of Hempstead.

The Ordinance 2013-001 authorizes and allows disposal of solid waste within certain areas of the City of Hempstead's extraterritorial jurisdiction ("ETJ"). Those certain areas consist of the areas described in Exhibit A of Ordinance 2013-001 that are within one mile of the city limits of the City of Hempstead.

## III.    Agreed Stipulation of Fact that the Host Agreement is a Contract.

The Host Agreement is a contract.

Agreed:

Kelly Dempsey
Kdempsey@olsonllp.com
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

V. Blayre Peña
bpena@hslawmail.com
Wesley P. McGuffey
wmcguffey@hslawmail.com
Hance Scarborough, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Facsimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Facsimile: (979) 826-8989
ATTORNEYS FOR
INTERVENORS/CITIZENS AGAINST
LANDFILL

By: _____

J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

# EXHIBIT B

Cause No. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL. | § | |
| Defendants. | § | 506TH JUDICIAL DISTRICT |

## WALLER COUNTY'S MOTION TO DISMISS AND/OR MOTION TO STRIKE

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Waller County, Texas, County Judge Glenn Beckendorff, Commissioner Frank Pokluda, Commissioner Stan Kitzman, Commissioner Jeron Barnett, and Commissioner John Amsler, in their official capacities as Waller County Commissioners Court (hereinafter "Waller County"), file this Motion to Dismiss and/or Motion to Strike former Waller County Judge Glenn Beckendorff, former Waller County Commissioner Frank Pokluda, and former Waller County Commissioner Stan Kitzman as parties to this matter, as previously named and sued by Plaintiff City of Hempstead, Texas (hereinafter "Hempstead") and Plaintiff-Intervenor Citizens Against the Landfill in Hempstead (hereinafter "CALH")(or collectively "Plaintiffs").

### I.
### Introduction

The City of Hempstead, Texas, filed "its petition for Declaratory and Injunctive Relief against Waller County, Texas; Glenn Beckendorff, in his official capacity as County Judge of Waller County, Texas; John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman in their official capacities as County Commissioners for Waller County, Texas, collectively the Waller

County Commissioners Court; and Pintail Landfill, L.L.C., Defendants, under authority of Chapters 361, 363, and 364 of the Texas Health and Safety Code, Chapter 262 of the Texas Local Government Code, and Chapter 37 of the Texas Civil Practices and Remedies Code" on March 21, 2013. *See* Hempstead's Original Petition and Hempstead's Second Amended Petition. On April 11, 2014, Hempstead filed its Second Amended Petition for Declaratory and Injunctive Relief. *See* Hempstead's Second Amended Petition. Specifically, Hempstead requests that the Court "void the Order of the Commissioners Court allowing the permitted use of the City's ETJ to include a landfill and to void the Order of the Commissioners Court to enter into the Host Agreement." *Id*. Moreover, the relief sought by Hempstead includes the following:

a. A judgment declaring that acts of County Judge Glenn Beckendorff and County Commissioners John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman, in passing Ordinance No. 2013-001, adopting the Order "Concerning Host Agreement between Waller County, Texas and Pintail Landfill, LLC," and entering into the Host Agreement with Pintail Landfill, LLC, are outside their statutory authority;

b. A judgment declaring that Defendant Waller County Commissioners Court Ordinance No. 2013-001, is unauthorized, void and of no legal effect because it designates an area within the City's ETJ as the only area a landfill may be located in Waller County;

c. A judgment declaring the "Host Agreement" and Order "Concerning Host Agreement between Waller County, Texas and Pintail Landfill, LLC" dated February 13, 2013, are unauthorized, void, of no legal effect, and in violation of existing statutes controlling landfills in Texas;

d. A judgment declaring the "Host Agreement" and Order "Concerning Host Agreement between Waller County, Texas and Pintail Landfill, LLC" dated February 13, 2013, is unauthorized, void, and of no legal effect because of violations of the Texas Open Meetings Act;

e. A permanent injunction prohibiting Waller County from designating an area in the City's ETJ as an area suitable for landfills;

f. An injunction prohibiting Waller County from executing a "Host Agreement" or any other document between Waller County, Texas and Pintail Landfill, LLC that "licenses" and/or regulates a landfill in the area that is included in the City's ETJ;

g. A judgment awarding the City reasonable and necessary attorney's fees;

h. A judgment awarding the City costs of suit; and

i. Such other and further relief to which the City may show itself entitled.

*Id.* at ¶ 45.

As the Plaintiff Intervenor, CALH filed its Petition in Intervention and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction on March 21, 2013. *See* CALH's Petition in Intervention. On April 11, 2014, CALH filed its Second Amended Petition in Intervention. *See* CALH's Second Amended Petition in Intervention. CALH sought the following relief in its Petition in Intervention: (A) a declaratory judgment finding that Waller County violated the Open Meetings Act, Public Information Act, and Local Government Records Act; (B) a declaratory judgment finding that Waller County acted ultra vires and in violation of the Texas Health & Safety Code in enacting the 2013 Ordinance; (C) a permanent injunction enjoining, staying, voiding, and reversing the Waller County Commissioners Court actions related to the Pintail Landfill, Pintail's pending permit applications with the TCEQ, and Host Agreement which were improperly noticed in the December 18, 2012, January 2, 2013, February 12, 2013 and February 13, 2013 Notices of Meeting; (D) a permanent injunction enjoining, staying, reversing, voiding, and preventing the effectiveness of Waller County Ordinance No. 2013-001 and the Host Agreement between Waller County and Pintial Landfill, LLC; and (E) a permanent injunction enjoining and preventing Waller County from continuing to violate the Open Meetings Act, Public Information Act, and Local Government Records Act. *Id.* Specifically, CALH alleged that the violations of the Open Meetings Act included: (1) inadequate notice under the Open Meetings Act; (2) engaging in walking quorums; (3) improperly convening executive session as o the Host Agreement and the 2013 Ordinance; (4) failing to keep a tape recording of executive session; (5) failure to keep certified agendas during executive session in compliance with the Open Meetings Act requirements; and (6) that

the votes in open session concerning the Host Agreement and the 2013 ordinance were no more than a rubber stamp. *Id*. at ¶¶ 56-70.

As of January 1, 2015, Defendants Beckendorff, Pokluda and Kitzman are no longer members of the Waller County Commissioners Court and hold no official capacity with Waller County, Texas.

**II.**
**Motion to Dismiss**

Waller County moves for dismissal and/or request that the Court strike former Waller County Judge Glenn Beckendorff, former Waller County Commissioner Frank Pokluda, and former Waller County Commissioner Stan Kitzman as parties in this matter for all claims asserted against them in their official capacities.

In the present matter, Defendants Beckendorff, Pokluda and Kitzman have only been sued in their official capacities. Pursuant to Texas Constitution, Article V, Section 18, Defendants Beckendorff, Pokluda and Kitzman's successors have been elected and qualified to hold the offices of Waller County Judge, Waller County Commissioner – Precinct 2 and Waller County Commissioner Precinct 4, respectively. Therefore, Defendants Beckendorff, Pokluda and Kitzman's official capacities as the representatives and officers of Waller County expired effective January 1, 2015. *See* attached Exhibit A.

Further, there is no longer a justiciable controversy that exists against these Defendants as they no longer hold public office for Waller County, Texas. Specifically, a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests, not merely a theoretical dispute. *Bonham State Bank v. Beadle*, 907 S.W.2d

465 (Tex. 1995); *Noell v. Air Park Homeowners Ass'n, Inc.*, 246 S.W.3d 827 (Tex. App. Dallas 2008), petition for review filed, (Nov. 6, 2008). A UDJA action will lie within the subject-matter jurisdiction of the district courts when there is (1) a justiciable controversy as to the rights and status of parties actually before the court for adjudication; and (2) the controversy will be actually resolved by the declaration sought. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158 (Tex. 2004); *Texas Dept. of Ins. v. Reconveyance Services, Inc.*, 240 S.W.3d 418 (Tex. App. Austin 2007), petition for review filed, (Nov. 14, 2007).

## Prayer

For these reasons, Waller County requests that the Court dismiss and/or strike former Waller County Judge Glenn Beckendorff, former Waller County Commissioner Frank Pokluda, and former Waller County Commissioner Stan Kitzman as parties in this matter.

Respectfully submitted,

/s/ J. Eric Magee
James P. Allison
SBN: 01090000
j.allison@allison-bass.com

J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 *telephone*
(512) 480-0902 *facsimile*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Waller County's Motion to Dismiss and/of Motion to Strike was this 16th day of January, 2015, delivered via e-service and electronically to the following:

Arthur L. Pertile III
Kelly Dempsey
Corey R. Ouslander
Olson & Olson, LLP
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019

*via email: apertile@olsonllp.com, couslander@olsonllp.com, and Kdempsey@olsonllp.com*

*Attorneys for City of Hempstead*

Terry L. Scarborough
Michael L. Woodward
V. Blayre Pena
Hance Scarborough, LLP
400 W 15th #950
Austin, Texas 78701

*via email: bpena@hslawmail.com*

Carol A. Chaney
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, Texas 77445

*via email: carol.chaney@thechaneyfirm.net*

*Attorneys for Citizens Against the Landfill in Hempstead*

Brent W. Ryan
McElroy, Sullivan & Miller, L.L.P.
P.O. Box 12127
Austin, Texas 78711

*via email: bryan@msmtx.com*

*Attorney for Pintail Landfill L.L.C.*

/s/ J. Eric Magee
James P. Allison / J. Eric Magee

# EXHIBIT A

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS<br>    Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL<br>IN HEMPSTEAD | § | WALLER COUNTY, TEXAS |
| | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL.<br>    Defendants. | § | 506TH JUDICIAL DISTRICT |

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS<br>    Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL<br>IN HEMPSTEAD | § | WALLER COUNTY, TEXAS |
| | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL.<br>    Defendants. | § | 506TH JUDICIAL DISTRICT |

## AFFIDAVIT OF DEBBIE HOLLAN

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL BY THESE PRESENTS: |
| COUNTY OF WALLER | § | |

BEFORE ME, the undersigned authority, on this date appeared an individual identified to me as Debbie Hollan, who upon her oath states and affirms as follows:

"My name is Debbie Hollan. I am over the age of eighteen, of sound mind and fully competent to make this affidavit. All matters stated in this affidavit are true and correct to my personal knowledge.

I am the duly elected, qualified and serving County Clerk of Waller County, Texas. I was first elected to this office in November 2010, and I have continuously held office as County Clerk of Waller County, Texas, since January 1, 2011.

A general election was held in November 2014, in part, for the election of the following Waller County officials: (1) County Judge of Waller County, Texas; (2) County Commissioner – Precinct 2 of Waller County, Texas; and (3) County Commissioner – Precinct 4 of Waller County, Texas. As of January 1, 2015, the duly elected, qualified and serving County Judge of

Waller County, Texas, is the Honorable Carbett "Trey" J. Duhon III. The duly elected, qualified and serving County Commissioner – Precinct 2 of Waller County, Texas, is the Honorable Russell Klecka. The duly elected, qualified and serving County Commissioner – Precinct 4 of Waller County, Texas, is the Honorable Justin Beckendorff.

Former Waller County Judge Glenn Beckendorff, former Waller County Commissioner Frank Pokluda (Precinct 2), and former Waller County Commissioner Stan Kitzman (Precinct 4) are no longer elected officials for Waller County, Texas.

All matters stated herein are true and correct to my personal knowledge.

_____
Debbie Hollan
Waller County Clerk

SUBSCRIBED AND SWORN before me, to certify which witness my hand and seal of office, this _12_ day of January, 2015.

CINDY JONES
Notary Public State of Texas
My Comm. Exp. 02-11-2015

_____
Notary Public, State of Texas

# EXHIBIT C

# MINUTES
## WALLER COUNTY COMMISSIONER'S COURT
## REGULAR SESSION
## MONDAY – JANUARY 12, 2015

**BE IT REMEMBERED** that the Honorable Commissioner's Court of Waller County, Texas, met in **REGULAR SESSION** on Monday, the 12th day of January 2015 at its meeting place in the Waller County Courthouse, Hempstead, Texas. The meeting was called to order by Waller County Judge Trey Duhon at 9:00 a.m. with the following members of the Court present to-wit:

Carbett "Trey" J. Duhon III, County Judge
John A. Amsler, Commissioner Precinct 1
Russell Klecka, Commissioner Precinct 2
Jeron Barnett, Commissioner Precinct 3
Justin Beckendorff, Commissioner Precinct 4
Debbie Hollan, County Clerk

Delivery of Invocation by: Commissioner Amsler
Pledge to the American Flag and Texas Flag led by: Commissioner Barnett

1.  Approval of Agenda.

    Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
    **Motion carried.**

    *Judge Trey Duhon – Yes*   *Commissioner Amsler – Yes*   *Commissioner Klecka     – Yes*
                               *Commissioner Barnett – Yes*   *Commissioner Beckendorff – Yes*

2.  Approval of the minutes – 1 Set

    Motion to **approve** one set of minutes by Commissioner Barnett, seconded by Commissioner Beckendorff/
    **Motion carried.**

    *Judge Trey Duhon – Yes*   *Commissioner Amsler – Yes*   *Commissioner Klecka     – Yes*
                               *Commissioner Barnett – Yes*   *Commissioner Beckendorff – Yes*

    Minutes approved: January 7, 2015 Regular Session

## PUBLIC COMMENT – None

## COUNTY JUDGE

3.  Discuss and take action to modify Rules of Order for Waller County Commissioner Court meetings so that:

    a) Consent Agenda can be considered and voted upon without being read;   and

    b) Agenda items only read once after the agenda number is announced and motion is made and seconded.

    Motion to **approve** by Commissioner Amsler, seconded by Commissioner Barnett.
    **Motion carried.**

    *Judge Trey Duhon – Yes*   *Commissioner Amsler – Yes*   *Commissioner Klecka     – Yes*
                               *Commissioner Barnett – Yes*   *Commissioner Beckendorff – Yes*

January 12, 2015 Regular Session

STATE OF TEXAS
COUNTY OF WALLER
I, DEBBIE HOLLAN, County Clerk, Waller County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on JAN 1 3 2015



DEBBIE HOLLAN, County Clerk
Waller County, Texas
By
Stephanie Tompkins   Deputy

4. Request approval to transfer fixed asset to the Maintenance Department.

Motion to **approve** by Commissioner Amsler, seconded by Commissioner Barnett.
**Motion carried.**

| | | |
|---|---|---|
| *Judge Trey Duhon – Yes* | *Commissioner Amsler – Yes* | *Commissioner Klecka – Yes* |
| | *Commissioner Barnett – Yes* | *Commissioner Beckendorff – Yes* |

## CONSENT AGENDA

5. Discuss and take action to approve payment on the following invoices:

- $323.88 to Action Rental for Invoice # 080955
- $1,521.00 to Telomack Cabling Solution for Invoice # W8197
  from line item 600-600-581822 [Equip/Radio & Accessories].

- $980.00 to Telomack Cabling Solution for Invoice # W8198
- $290.45 to Home Depot for Invoice dated 12/19/14
- $ 10.98 to Home Depot for Invoice dated 12/21/14
  from line item 600-600-587518 [JP 2].

- $923.02 to Hometown Hardware for Invoice # 67689/2
- $ 57.97 to Hometown Hardware for Invoice # 67713/2
- $ 195.63 to Hometown Hardware for Invoice # 67733/2
  from line item 600-600-587519 [JP 3].

- $2,250.00 to Harris County Treasurer for Invoice # AH008754
  from line item 125-423-540702 [Autopsy].

- $940.00 to Schmidt Funeral Home for invoice dated 12/23/14
- $940.00 to Schmidt Funeral Home for invoice dated 12/26/14
  from line item 125-423-540705 [Transport to Morgue].

- $885.00 to TAC Security & Video for invoice # 15112401 [Courthouse Surveillance System]
- $80.00 to TAC Security & Video for invoice # 15547401 [Courthouse Hold-Up Alarm]
- $30.00 to TAC Security & Video for invoice # 15522001 [JP 1 Hold-Up Alarm]
- $204.50 to TAC Security & Video for invoice # 15111601 [JP 2 Burglar Alarm & DVR System]
- $115.00 to TAC Security & Video for invoice # 15520101 [JP 4 Burglar, Hold-Up, Access Control and DVR Monitors]
  from Line Item 117-428-568425 [Special Revenue Courthouse Security – Miscellaneous Security].

Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
**Motion carried.**

| | | |
|---|---|---|
| *Judge Trey Duhon – Yes* | *Commissioner Amsler – Yes* | *Commissioner Klecka – Yes* |
| | *Commissioner Barnett – Yes* | *Commissioner Beckendorff – Yes* |

January 12, 2015 Regular Session

STATE OF TEXAS
COUNTY OF WALLER
I, DEBBIE HOLLAN, County Clerk, Waller County, Texas,
do hereby certify that this is a true and correct copy
as same appears of record in my office. Witness my hand
and seal of office on   JAN 1 3 2015
DEBBIE HOLLAN, County Clerk
Waller County, Texas
By
Stephanie Tompkins Deputy



## TREASURER

6.     ~~Request by County Treasurer for approval and/or release of securities pledged by First National Bank of Bellville / Waller Branch.~~
       **Item WITHDRAWN.**

7.     Request by County Treasurer to authorize Judge Duhon to sign TAC HEBP Member Contract Designation Form.

       Motion to **approve** by Commissioner Beckendorff, seconded by Commissioner Amsler.
       **Motion carried.**

       *Judge Trey Duhon – Yes*          *Commissioner Amsler – Yes*          *Commissioner Klecka        – Yes*
                                         *Commissioner Barnett – Yes*          *Commissioner Beckendorff – Yes*

8.     Request by County Treasurer to authorize Judge Duhon to sign Healthy County Wellness Coordinator and Wellness Sponsor Designation Form.

       Motion to **approve** by Commissioner Beckendorff, seconded by Commissioner Barnett.
       **Motion carried.**

       *Judge Trey Duhon – Yes*          *Commissioner Amsler  – Yes*          *Commissioner Klecka        – Yes*
                                         *Commissioner Barnett – Yes*          *Commissioner Beckendorff – Yes*

## COUNTY CLERK

9.     Request approval to transfer fixed assets to the IT and Maintenance Department(s).

       Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
       **Motion carried.**

       *Judge Trey Duhon – Yes*          *Commissioner Amsler  – Yes*          *Commissioner Klecka        – Yes*
                                         *Commissioner Barnett – Yes*          *Commissioner Beckendorff – Yes*

## COUNTY ENGINEER

10.    Recommend the approval of a Utility Permit for Wapiti Operating, LLC, for the installation of two (2) water disposal lines in the right-of-way of Donigan Road.

       Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
       **Motion carried.**

       *Judge Trey Duhon – Yes*          *Commissioner Amsler  – Yes*          *Commissioner Klecka        – Yes*
                                         *Commissioner Barnett – Yes*          *Commissioner Beckendorff – Yes*

11.    Recommend the approval of a Utility Permit for San Bernard Electric Coop., Inc. for the installation of one (1) power pole in the right-of-way of Kickapoo Road.

       Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
       **Motion carried.**

       *Judge Trey Duhon – Yes*          *Commissioner Amsler  – Yes*          *Commissioner Klecka        – Yes*
                                         *Commissioner Barnett – Yes*          *Commissioner Beckendorff – Yes*

## MISCELLANEOUS

12.    Discuss and take action to approve Court Order setting the pay for Jurors in 2015 and providing food and lodging for Jurors in certain cases and instances.

       Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
       **Motion carried.**

       *Judge Trey Duhon – Yes*          *Commissioner Amsler – Yes*          *Commissioner Klecka        – Yes*
                                         *Commissioner Barnett – Yes*          *Commissioner Beckendorff – Yes*

January 12, 2015 Regular Session

STATE OF TEXAS
COUNTY OF WALLER
I, DEBBIE HOLLAN, County Clerk, Waller County, Texas,
do hereby certify that this is a true and correct copy
as same appears of record in my office. Witness my hand
and seal of office on     JAN 1 3 2015
                          DEBBIE HOLLAN, County Clerk
                          Waller County, Texas
                          By
                          Stephanie Tompkins   Deputy



13. Discuss and take action to approve Court Order setting allowances for travel outside the County in 2015.

Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
**Motion carried.**

| | | |
|---|---|---|
| Judge Trey Duhon – Yes | Commissioner Amsler – Yes | Commissioner Klecka – Yes |
| | Commissioner Barnett – Yes | Commissioner Beckendorff – Yes |

14. **Spread** upon the minutes the Notice of Demolition by City of Waller for two buildings located within its city limits.

No action required.

15. Discuss and take action to approve the payment of $17,500.00 to Waller County Economic Development from line item 125-411-547200 [Economic Development] for 1st quarterly payment.

Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
**Motion carried.**

| | | |
|---|---|---|
| Judge Trey Duhon – Yes | Commissioner Amsler – Yes | Commissioner Klecka – Yes |
| | Commissioner Barnett – Yes | Commissioner Beckendorff – Yes |

16. Discuss and take action to approve payment to Johnston, LLC for the following invoices:

- $66,500.00 for Invoice # 0002885 for Jail Feasibility Study
- $1,475.07 for Invoice # 0002865 for Waller County Facility Assessments from line item 600-600-545405 [Professional Services]

Motion to **approve** by Commissioner Beckendorff, seconded by Commissioner Barnett.
**Motion carried.**

| | | |
|---|---|---|
| Judge Trey Duhon – Yes | Commissioner Amsler – Yes | Commissioner Klecka – Yes |
| | Commissioner Barnett – Yes | Commissioner Beckendorff – Yes |

## AUDITOR

17. Request by County Auditor for approval of quarterly reimbursement of Juror Payments.

Motion to **approve** by Commissioner Barnett, seconded by Commissioner Beckendorff.
**Motion carried.**

| | | |
|---|---|---|
| Judge Trey Duhon – Yes | Commissioner Amsler – Yes | Commissioner Klecka – Yes |
| | Commissioner Barnett – Yes | Commissioner Beckendorff – Yes |

18. Request by County Auditor for approval and/or ratification of Accounts Payable.

Motion to **approve and/or ratify** by Commissioner Barnett, seconded by Commissioner Beckendorff.
**Motion carried.**

| | | |
|---|---|---|
| Judge Trey Duhon – Yes | Commissioner Amsler – Yes | Commissioner Klecka – Yes |
| | Commissioner Barnett – Yes | Commissioner Beckendorff – Yes |

## EXECUTIVE SESSION

19. Discussion and possible action regarding case entitled *City of Hempstead and Citizens Against the Landfill in Hempstead v. Waller County, Texas, et al.;* Cause No. 13-03-21872; In the 506th Judicial District Court of Waller County, Texas; Waller County Ordinance No. 2013-001 and the Host Agreement between Waller County, Texas and Pintail Landfill, L.L.C. [Executive Session as requested [pursuant to Texas Government Code, Title 5, Subchapter D. Section 551.071 9 (Consultation with Attorney)]

January 12, 2015 Regular Session

STATE OF TEXAS
COUNTY OF WALLER
I, DEBBIE HOLLAN, County Clerk, Waller County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on JAN 1 3 2015
DEBBIE HOLLAN, County Clerk
Waller County, Texas
By
Stephanie Tompkins Deputy

Court **convened** to Executive Session @ 9:21 a.m.
Court **reconvened** from Executive Session @ 11:30 a.m.

Motion **made** by Commissioner Amsler, seconded by Commissioner Klecka that we instruct Allison Bass & Associates to agree to the invalidation / voiding of the Host Agreement and the 2013 Ordinance as requested by CALH and the City of Hempstead in Case No. 13-03-21872 in the 506th Judicial District Court and to enter into somewhat negotiations on other remaining issues.

Motion to **amend** by Commissioner Barnett, seconded by Commissioner Beckendorff to not contest the voiding of the Host Agreement and Ordinance.

**Amendment FAILED.**

| | | |
|---|---|---|
| *Judge Trey Duhon – No* | *Commissioner Amsler – No* | *Commissioner Klecka – No* |
| | *Commissioner Barnett – Yes* | *Commissioner Beckendorff – Yes* |

**Original Motion carried.**

| | | |
|---|---|---|
| *Judge Trey Duhon – Yes* | *Commissioner Amsler – Yes* | *Commissioner Klecka – Yes* |
| | *Commissioner Barnett – No* | *Commissioner Beckendorff – No* |

20. ~~Consultation with District Attorney about pending or contemplated litigation.~~
**Item WITHDRAWN.**

## ADJOURN MEETING

Motion to **adjourn** meeting by Commissioner Amsler, seconded by Commissioner Barnett.
**Motion carried.**

| | | |
|---|---|---|
| *Judge Trey Duhon – Yes* | *Commissioner Amsler – Yes* | *Commissioner Klecka – Yes* |
| | *Commissioner Barnett – Yes* | *Commissioner Beckendorff – Yes* |

Meeting was **ADJOURNED** at 11:48 a.m.

ATTEST:

Debbie Hollan, County Clerk
And Ex-Officio Clerk of the Commissioners'
Court of Waller County, Texas

January 12, 2015 Regular Session

STATE OF TEXAS
COUNTY OF WALLER
I, DEBBIE HOLLAN, County Clerk, Waller County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on JAN 1 3 2015
DEBBIE HOLLAN, County Clerk
Waller County, Texas
By Stephanie Tompkins Deputy
Stephanie Tompkins

# EXHIBIT D



| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS<br>      Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| and | §<br>§ | |
| CITIZENS AGAINST THE LANDFILL<br>IN HEMPSTEAD | §<br>§<br>§ | WALLER COUNTY, TEXAS |
| v. | §<br>§<br>§ | |
| WALLER COUNTY, TEXAS, ET. AL.<br>      Defendants. | §<br>§ | 506TH JUDICIAL DISTRICT |

## JOINT MOTION FOR ENTRY OF AGREED FINAL JUDGMENT

Plaintiff City of Hempstead ("Hempstead"), Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH"), Defendant Pintail Landfill, LLC ("Pintail") and Defendant Waller County, Texas; Glenn Beckendorff, in his official capacity as County Judge of Waller County, Texas; John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman in their official capacities as County Commissioner for Waller County, Texas, (collectively "Waller County"), file this Agreed Joint Motion for Entry of Agreed Final Judgment.

1. On March 20, 2013, Hempstead filed suit against Waller County and Pintail for injunctive and declaratory relief. CALH filed its petition in intervention on March 21, 2013. On April 11, 2014, Hempstead filed its Second Amended Petition for Declaratory and Injunctive Relief and CALH filed its Second Amended Petition in Intervention.

2. Pintail filed cross-claims and counter-claims, which were subsequently non-suited with the exception of Pintail's claim under the UDJA that Ordinance 2013-001 was valid.

---

Agreed Joint Motion for Entry of Agreed Final Judgment                    Page 1

3. After a trial on the merits, the Court submitted the case to the jury on December 18, 2014. The charge and verdict is attached hereto as Exhibit A, and fully incorporated by reference.

4. On January 14, 2015, CALH filed its First Amended Motion to Enter Judgment on the Verdict and First Amended Motion to Enter Judgment on Outstanding Issues of Law. On January 15, 2015, Hempstead filed its First Amended Motion for Entry of Judgment. On January 16, 2015, Waller County and Pintail filed their Motions for Judgment Notwithstanding the Verdict and Responses to CALH's and Hempstead's Motions to Enter Judgment on the Verdict and Motions to Enter Judgment on Outstanding Issues of Law.

5. Subsequently, the Parties have entered into settlement negotiations and have reached a settlement agreement for entry of an agreed final judgment, resolving all issues in this lawsuit, except any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration NO. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such registration and permit application. The Parties request the Court to enter the judgment attached hereto as Exhibit B.

6. All Parties agree to the proposed Agreed Final Judgment.

The Parties respectfully request that the Court grant their Joint Motion for Entry of Agreed Final Judgment.

Respectfully submitted,

Art Pertile
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
**ATTORNEYS FOR CITY OF HEMPSTEAD**

By: _____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
**ATTORNEYS FOR INTERVENORS/CITIZENS
AGAINST LANDFILL**

By: _____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
**ATTORNEYS FOR WALLER COUNTY
DEFENDANTS**

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
**ATTORNEYS FOR PINTAIL LANDFILL, LLC**

By: _____

rᵢₗₑᵤ _____
AT 3:07 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY_____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas,<br>    Plaintiff | § | IN THE DISTRICT COURT OF |
| | § | |
| And | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL IN<br>HEMPSTEAD,<br>    Plaintiff Intervenor | § | |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| WALLER COUNTY, TEXAS, COUNTY<br>JUDGE BLENN BECKENDORFF,<br>COMMISSIONER FRANK POKLUDA,<br>COMMISSIONER STAN KITZMAN,<br>COMMISSIONER JERON BARNET,<br>COMMISSIONER JOHN AMSLER, and<br>PINTAIL LANDFILL, L.L.C.<br>    Defendants. | § | 506ᵗʰ JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

1



Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1.     Do not let bias, prejudice or sympathy play any part in your decision.

2.     Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.     You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.     If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.     All the questions and answers are important. No one should say that any question or answer is not important.

6.     Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10. The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers to pay for another trial. If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1. The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2. Waller County is a governmental body.

3. All questions for the Jury relate to the time period on or before February 13, 2013.

## DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1.    A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

      a.    "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

      b.    Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2.    "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3.    "Meeting" means:

      a.    A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

      b.    A gathering:
         i.    That is conducted by the governmental body;
         ii.   At which a quorum of members of the governmental body is present;
         iii.  That has been called by the governmental body, and;
         iv.   At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4.    "Closed Meeting" means a meeting to which the public does not have access.

5.    "Quorum" means a majority of a governmental body.

6.    A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.

5

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

6

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a) Host Agreement     **Answer:** ___Yes___ ("Yes" or "No")

(b) Ordinance 2013-001     **Answer:** ___Yes___ ("Yes" or "No")

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a)   Host Agreement          **Answer:** ___yes___ ("Yes" or "No")

(b)   Ordinance 2013-001       **Answer:** ___yes___ ("Yes" or "No")

9

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a) Host Agreement     **Answer:** __Yes__ ("Yes" or "No")

(b) Ordinance 2013-001     **Answer:** __Yes__ ("Yes" or "No")

10

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a) Host Agreement     Answer: _Yes_ ("Yes" or "No")

(b) Ordinance 2013-001     Answer: _Yes_ ("Yes" or "No")

## INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

13

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____
Terry L. Flenniken
JUDGE PRESIDING

*Filed 93½*
*12.18.14*
*TLF, Judge Presiding*

16

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

*verdict 7h7*

(To be signed by the presiding juror if the jury is unanimous.)

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror

*verdict 7h7*

(To be signed by those rendering the verdict if the jury is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
|---|---|
| | Charles D. Steinmetz |
| | Michael A. Lannon |
| | Joyce Bean |
| | Randy Theiss |
| Joyce Callaway | Joyce Callaway |
| Lilliana Salinas | Lilliana Salinas |
| Scott McKenzie | Scott McKenzie III |
| | Robert L. Derrick |
| | Juan Aviles |
| Nancy Willers | Nancy Willers |
| Trisha Smith | Trisha Smith |

17

Cause No. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| and | §<br>§<br>§ | |
| CITIZENS AGAINST THE LANDFILL<br>IN HEMPSTEAD | §<br>§<br>§ | WALLER COUNTY, TEXAS |
| v. | §<br>§ | |
| WALLER COUNTY, TEXAS, ET. AL.<br>    Defendants. | §<br>§ | 506TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

Before the Court is the above-styled and numbered cause of action.  On December 1, 2014, the case was called for trial.  Plaintiff City of Hempstead ("Hempstead") appeared through its attorney of record and announced ready for trial.  Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH") appeared through its attorney of record and announced ready for trial. Defendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively "Waller County"), appeared in person and by their attorney of record and announced not ready for trial.  Defendant, Pintail Landfill, LLC, ("Pintail") appeared in person and by its attorney of record and announced not ready for trial. After denying the Motions to Abate and Requests for Continuance, a jury, consisting of 12 qualified jurors having been previously demanded, was duly empanelled and the case proceeded to trial.



EXHIBIT
B

The Court, after examining the record and the evidence and argument of counsel, finds that venue is proper in Waller County, that the Court has jurisdiction over the subject matter and the parties in this case, and that the Court has jurisdiction to enter a judgment in this case.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1. The Parties also entered into certain Stipulations of Fact, which are incorporated for all purposed by reference, and attached hereto as Exhibit 2.

Following the verdict of the jury of December 18, 2014, Hempstead, CALH, Pintail Landfill and Waller County filed a Joint Motion for Entry of Agreed Final Judgment. In said Motion, the parties represent that they have reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court and have agreed to the entry of final judgment.

Accordingly, the Court renders the following Agreed Final Judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Waller County Ordinance No. 2013-001 is void.

IT IS FURTHER ORDERED that the Host Agreement between Waller County, Texas, and Pintail Landfill, LLC is void.

IT IS FURTHER ORDERED that Plaintiff City of Hempstead have and recover from Waller County attorneys' fees in the amount of Two Hundred Forty-Five Thousand Dollars and no cents ($245,000).

IT IS FURTHER ORDERED that Plaintiff-Intervenor Citizens Against the Landfill in Hempstead have and recover from Waller County attorneys' fees in the amount of Three Hundred Twenty-Five Thousand Dollars and no cents ($325,000).

IT IS FURTHER ORDERED that the total amount of the judgment rendered will bear interest at a rate of Five Percent (5%) per annum from the date of this judgment until paid in full.

Pursuant to the terms of the parties' settlement agreement giving rise to this Agreed Final Judgment, the parties do not present to this Court for adjudication, and this Court does not adjudicate, any issue concerning any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration No. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such Registration and Permit Application.

All costs of court spent or incurred in this cause are to be borne by the party incurring same. All writs and processes for the enforcement and collection of this judgment may issue as necessary.

All other relief requested in the live pleadings of any party that is not specifically granted is DENIED. This is a final judgment that disposes of all claims and parties.

SIGNED this _____ day of _____, 2015.


_____
TERRY L. FLENNIKEN, JUDGE PRESIDING

**AGREED AS TO FORM AND SUBSTANCE:**

Art Pertile

Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
**ATTORNEYS FOR CITY OF HEMPSTEAD**

By:_____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
**ATTORNEYS FOR WALLER COUNTY DEFENDANTS**

By:_____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
**ATTORNEYS FOR INTERVENORS/CITIZENS AGAINST LANDFILL**

By:_____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
**ATTORNEYS FOR PINTAIL LANDFILL, LLC**

By:_____

---

r..cu ......
AT 3:07 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY_____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas, Plaintiff | § § § § § | IN THE DISTRICT COURT OF |
| And | § § | |
| CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, Plaintiff Intervenor | § § § § § | |
| v. | § § § | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY JUDGE BLENN BECKENDORFF, COMMISSIONER FRANK POKLUDA, COMMISSIONER STAN KITZMAN, COMMISSIONER JERON BARNET, COMMISSIONER JOHN AMSLER, and PINTAIL LANDFILL, L.L.C. Defendants. | § § § § § § § § § | 506th JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

1


EXHIBIT
1

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1.     Do not let bias, prejudice or sympathy play any part in your decision.

2.     Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.     You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.     If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.     All the questions and answers are important. No one should say that any question or answer is not important.

6.     Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

2

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10. The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers to pay for another trial. If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

3

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1.      The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2.      Waller County is a governmental body.

3.      All questions for the Jury relate to the time period on or before February 13, 2013.

4

## DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1.    A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

   a.    "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

   b.    Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2.    "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3.    "Meeting" means:

   a.    A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

   b.    A gathering:
      i.    That is conducted by the governmental body;
      ii.   At which a quorum of members of the governmental body is present;
      iii.  That has been called by the governmental body, and;
      iv.   At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4.    "Closed Meeting" means a meeting to which the public does not have access.

5.    "Quorum" means a majority of a governmental body.

6.    A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.

5

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: _____Yes_____ ("Yes" or "No")

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a)    Host Agreement        Answer: ___Yes___ ("Yes" or "No")

(b)    Ordinance 2013-001    Answer: ___Yes___ ("Yes" or "No")

8

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a)     Host Agreement              Answer: __Yes__  ("Yes" or "No")

(b)     Ordinance 2013-001          Answer: __Yes__  ("Yes" or "No")

9

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a)    Host Agreement        Answer: __Yes__ ("Yes" or "No")

(b)    Ordinance 2013-001    Answer: __Yes__ ("Yes" or "No")

10

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a)    Host Agreement        Answer: __Yes__    ("Yes" or "No")

(b)    Ordinance 2013-001      Answer: __Yes__    ("Yes" or "No")

11

## INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: _Yes_ ("Yes" or "No")

13

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

Terry L. Flenniken
JUDGE PRESIDING

Filed 93¾
12.18.14
TLF, Judge Presiding

16

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

*Verdict th J*

(To be signed by the presiding juror if the jury is unanimous.)

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror

*verdict th J*

(To be signed by those rendering the verdict if the jury is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
|---|---|
| | Charles D. Steinmetz |
| | Michael A. Lannon |
| | Joyce Bean |
| | Randly Theiry |
| | Joyce Callaway |
| | Lilliana Salinas |
| | Scott McKenzie Jr |
| | Robert L. Derrick |
| | Juan Avilos |
| | Nancy Willers |
| | Trisha Smith |

17

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas,<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| And | §<br>§ | |
| CITIZENS AGAINST THE LANDFILL IN<br>HEMPSTEAD,<br>    Plaintiff Intervenor | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY<br>JUDGE BLENN BECKENDORFF,<br>COMMISSIONER FRANK POKLUDA,<br>COMMISSIONER STAN KITZMAN,<br>COMMISSIONER JERON BARNET,<br>COMMISSIONER JOHN AMSLER, and<br>PINTAIL LANDFILL, L.L.C.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 505ᵗʰ JUDICIAL DISTRICT |

## AGREED STIPULATIONS OF FACT

COMES NOW Plaintiff City of Hempstead, Plaintiff Intervenor Citizens Against the Landfill in Hempstead, and Defendants Waller County, Texas, County Judge Glenn Beckendorff, Commissioner Frank Pokluda, Commissioner Stan Kitzman, Commissioner Jeron Barnett, Commissioner John Amsler, and Pintail Landfill, LLC and presents these Agreed Stipulations of Fact to the Court. The Parties agree that the existence of such stipulations shall not be published to the Jury or mentioned in argument before the jury.

I.  Agreed Stipulations of Fact Regarding Contract Exception to Open Meetings Act, Texas Government Code § 551.0725.

Waller County Commissioners Court did not invoke Texas Government Code § 551.0725 (relating to Deliberation Regarding Contract Being Negotiated) to enter executive session or closed meeting on February 13, 2013, January 2, 2013, or December

*Received and Filed 12.17.14 5:43 P*

*Terry Flenniken*
*Judge Presiding*

EXHIBIT
2

19, 2012. The Waller County agenda notices and minutes for these meetings do not claim Texas Government Code § 551.0725 as authority for entering executive session.

Further, Waller County Commissioners Court did not meet any of the requirements to deliberate business or financial issues relating to a contract being negotiated, which are enumerated in Texas Government Code § 551.0725. Specifically, (1) the Waller County Commissioners Court did not vote unanimously that deliberation would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; (2) the attorney advising the Waller County Commissioners Court did not issue a written determination that deliberation in an open meeting would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; and (3) the Waller County Commissioners Court did not make a tape recording of the closed meeting.

II.     Agreed Stipulation of Fact Regarding Extraterritorial Jurisdiction of City of Hempstead.

The Ordinance 2013-001 authorizes and allows disposal of solid waste within certain areas of the City of Hempstead's extraterritorial jurisdiction ("ETJ"). Those certain areas consist of the areas described in Exhibit A of Ordinance 2013-001 that are within one mile of the city limits of the City of Hempstead.

III.    Agreed Stipulation of Fact that the Host Agreement is a Contract.

The Host Agreement is a contract.

Agreed:

Kelly Dempsey
Kdempsey@olsonllp.com
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

V. Blayre Peña
bpena@hslawmail.com
Wesley P. McGuffey
wmcguffey@hslawmail.com
Hance Scarborough, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Facsimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Facsimile: (979) 826-8989
ATTORNEYS FOR
INTERVENORS/CITIZENS AGAINST
LANDFILL

By: _____

J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

# EXHIBIT E

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS<br>    Plaintiff, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| | § <br> § | |
| and | § <br> § | |
| CITIZENS AGAINST THE LANDFILL<br>IN HEMPSTEAD | § <br> § <br> § | WALLER COUNTY, TEXAS |
| | § <br> § | |
| v. | § <br> § | |
| WALLER COUNTY, TEXAS, ET. AL.<br>    Defendants. | § <br> § | 506TH JUDICIAL DISTRICT |

## COMPROMISE SETTLEMENT AGREEMENT AND RELEASE

The above-numbered and styled cause of action having been compromised and settled, the Parties now enter into the following Compromise Settlement Agreement and Release:

## I.
### DEFINITIONS

As used in this Settlement Agreement and Release, the following terms will have the following meanings:

1. "Parties" shall include City of Hempstead ("Hempstead"), Citizens Against the Landfill in Hempstead ("CALH"), Pintail Landfill, L.L.C. ("Pintail") and Waller County, Texas ("Waller County") including their officers, agents and attorneys and past and present elected officials of the City of Hempstead and Waller County in their official capacities.

2. "Lawsuit" shall mean the case styled *City of Hempstead, Texas, et al v. Waller County, Texas et al*; Cause No. 13-03-21872 in the 506th Judicial District Court of Waller County, Texas.

3. "Claims" shall mean any claims, debts, demands, actions, causes of action, suits, sums of money, contracts, agreements, judgments and liability whatsoever, both in law and in equity, which relate to this Lawsuit and shall include, without limitation, any claims that any of the Parties has or may hereafter have against any of the other Parties, for or by reason of any matter, cause or thing whatsoever occurring prior to the date of this Settlement Agreement and Release, whether known or unknown, suspected or unsuspected, arising out of or in any way connected with the Host Agreement between Waller County and Pintail, Waller County Ordinance No. 2013-001 and/or any causes of action asserted in this Lawsuit by Hempstead and/or CALH and Pintail's counterclaim seeking a declaration that Waller County Ordinance No. 2013-001 is valid and effective; including, but not limited to, claims between Pintail and Waller County related to indemnification, reimbursement and/or breach under the Host Agreement but shall not include any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration No. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such Registration and Permit applications. "Claims" shall not include any claim, both in law and equity, that may be brought arising out of the breach by any of the Parties of this Compromise Settlement Agreement and Release.

## II.
### RELEASE

For and in consideration of the following terms and upon entry of judgment in the Lawsuit in the form of the attached proposed Joint Agreed Final Judgment, the Parties do hereby

fully and completely compromise, settle, remise, release and forever discharge each other of and from all Claims:

a. Each of the Parties agrees to execute the attached Joint Agreed Motion for Entry of Final Judgment and the attached proposed Joint Agreed Final Judgment;

b. The award of attorneys' fees within the Joint Agreed Final Judgment in favor of CALH and against Waller County in the amount of $325,000 will be paid in full within 60 days of entry of the judgment. If no paid in full within this timeframe, the total amount of the judgment rendered will bear interest at a rate of five percent (5%) per annum from the date of the judgment until paid in full;

c. The award of attorneys' fees within the Joint Agreed Final Judgment in favor of Hempstead and against Waller County in the amount of $245,000 will be paid in full within 60 days of entry of the judgment. If not paid in full within this timeframe, the total amount of the judgment rendered will bear interest at a rate of Five Percent (5%) per annum from the date of the judgment until paid in full; and

d. Waller County agrees that it will not exercise any authority pursuant to the Texas Health and Safety Code concerning disposal of solid waste within the City of Hempstead's extraterritorial jurisdiction unless and until (a) requested by the City of Hempstead for assistance from Waller County and (b) approved by the Waller County Commissioners Court.

This Release specifically excludes, and expressly preserves, any claims, defenses, assertions, or causes of action related to or arising out of Waller County Ordinance No. 2011-001.

Therefore, for the aforesaid consideration, each of the Parties hereby agree on behalf of itself and its assigns, never again to bring suit in any court against any of the other Parties with respect to any Claims. The Parties agree to the attached Agreed Joint Motion for Entry of Agreed Final Judgment and to the attached proposed Joint Agreed Final Judgment in the Lawsuit Upon entry of judgment in the Lawsuit in the form of the attached proposed Joint Agreed Final Judgment, each of the Parties agree to irrevocably waive any and all rights to appeal any issue related to a Claim.

III.

## REPRESENTATIONS AND WARRANTIES

1. The Parties warrant that they are aware of no Claim by or on behalf of any of the Parties against any of the other Parties that is not being released by this document, except as specifically reserved or excepted herein.

2. Each of the Parties represents that it is the sole owner of each Claim being released by it herein, and that it has not transferred, assigned, subrogated or otherwise encumbered said Claims or any part thereof, including attorney fees to be paid to its lawyers awarded in this Lawsuit.

3. Each of the Parties represent and warrant that it has made a full and complete investigation, aided by its attorneys, of the circumstances surrounding the Lawsuit and this Compromise Settlement Agreement and Release.

4. Each of the Parties agree that it fully assumes the risk that the facts or law applicable to this case may be otherwise than they believe or may materially change at some point in the future. It is the intent of the Parties to release every Claim associated with the Host Agreement between Waller County and Pintail and Waller County Ordinance No. 2013-001, whether those Claims are known at the present time or not.

5. Each of the Parties further states that it understands this to be a full, final and complete settlement with all of the other Parties of every Claim and one which cannot be reopened , absent a breach of this Compromise Settlement Agreement and Release.

6. In making this agreement, settlement and compromise, each of the Parties warrants that it has not relied upon any statements or representations pertaining to this matter made by any of the other Parties or by any person or persons representing any of the other Parties, other than as set forth in this agreement.

7. Each of the Parties further states that it has carefully read this Compromise Settlement Agreement and Release, completely understand the contents thereof, that it conferred fully with its attorneys concerning the contents and legal consequences of this Compromise Settlement Agreement and Release, and it executed this Compromise Settlement Agreement and Release of its own free will.

## IV.
### PROVISIONS NOT SEVERABLE

The provisions of this Compromise Settlement Agreement and Release are not severable. If any portion of this Compromise Settlement Agreement and Release should be held by any court of competent jurisdiction to be invalid or unenforceable, or is set aside for any reason, this entire Compromise Settlement Agreement and Release shall be void and of no force and effect.

## V.
### CHOICE OF LAW

Each of the Parties represent and agree that the terms of this Compromise Settlement Agreement and Release are to be governed by and construed in accordance with the laws of the State of Texas in all respects, including matters of construction, interpretation, enforcement and validity. Venue of any litigation concerning this Release shall be in Waller County, Texas.

## VI.
### Authority

1. Each of the Parties represent and warrant that each individual signing this agreement on their behalf have complete and full authority to act on its behalf and has the authority to bind it regarding all of the provisions of this Agreement.

2. This Compromise Settlement Agreement and Release contains the entire agreement between the Parties hereto, and the terms of this Compromise Settlement Agreement and Release are contractual and not mere recitals.

WITNESS MY HAND this 18 day of February, 2015.

_William Huntsinger, Jr._
William Huntsinger, Jr.
President, Citizens Against the Landfill in Hempstead

STATE OF TEXAS § §

COUNTY OF Harris § §

BEFORE ME, the undersigned authority, on this day personally appeared WILLIAM HUNTSINGER, JR., known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he has read the foregoing and fully understands it to be a complete release of all claims as described therein and that he executed same on behalf of the Citizens Against the Landfill in Hempstead for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 18 day of February 2015.

_Donna A. Smelser_
Notary Public in and for
the State of Texas

DONNA A SMELSER
My Commission Expires
December 22, 2018

WITNESS MY HAND this 19 day of February_____, 2015.



Arthur L. Pertile, III
City Attorney, City of Hempstead

STATE OF TEXAS            §
                          §
COUNTY OF Harris          §

BEFORE ME, the undersigned authority, on this day personally appeared ARTHUR L. PERTILE, III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he has read the foregoing and fully understands it to be a complete release of all claims as described therein and that he executed same on behalf of the City of Hempstead for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19 day of February, 2015.

Lori Ashley-Dafft
Notary Public in and for
the State of Texas

LORI ASHLEY-DAFFT
MY COMMISSION EXPIRES
June 29, 2016

WITNESS MY HAND this 19th day of February, 2015.

Ernest Carl Kaufmann, II
President, Green Group Holdings LLC

STATE OF GEORGIA §
§
COUNTY OF Cherokee §

BEFORE ME, the undersigned authority, on this day personally appeared ERNEST CARL KAUFMANN, II, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he has read the foregoing and fully understands it to be a complete release of all claims as described therein and that he executed same on behalf of Pintail Landfill, LLC as President of Green Group Holdings LLC, Manager of Pintail Landfill, LLC for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of February 2015.

Notary Public in and for
the State of Georgia

WITNESS MY HAND this 20th day of February, 2015.

_____
Honorable Carbett "Trey" J. Duhon III
County Judge, Waller County, Texas

STATE OF TEXAS     §
                         §
COUNTY OF Waller     §

BEFORE ME, the undersigned authority, on this day personally CARBETT "TREY" J. DUHON III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he has read the foregoing and fully understands it to be a complete release of all claims as described therein and that he executed same on behalf of Waller County, Texas for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 20th day of February, 2015.

_____
Notary Public in and for
the State of Texas

HILARY L AVERY
Notary Public, State of Texas
My Commission Expires
November 22, 2017

---

Settlement Agreement and Release                                    Page 10

AGREED AS TO FORM:

Arthur L. Pertile III   *Cory Ouslander*
Texas Bar No. ~~15815200~~ 24060369

Olson & Olson, L.L.P.
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
(713) 533-3800 Phone
(713) 533-3888 Fax

ATTORNEY FOR PLAINTIFF
CITY OF HEMPSTEAD


AGREED AS TO FORM:

V. Blayre Pena
Texas Bar No. 24050372

Hance Scarborough, LLP
400 W 15th #950
Austin, Texas 78701
Facsimile (512) 482-6891

ATTORNEY FOR PLAINTIFF-
INTERVENOR CITIZENS AGAINS THE
LANDFILL IN HEMPSTEAD


AGREED AS TO FORM:

James P. Allison   J. Eric Magee
Texas State Bar No. ~~01090000~~ 24002585

ALLISON, BASS & MAGEE, LLP
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
Telephone: 512.482.0701
Telecopier: 512.480.0902

ATTORNEY FOR DEFENDANT
WALLER COUNTY, TEXAS


AGREED AS TO FORM:

Brent W. Ryan
Texas State Bar No. 17469475

McElroy, Sullivan, Miller, Weber &
Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Facsimile (512) 327-6566

ATTORNEY FOR DEFENDANT
PINTAIL LANDFILL, LLC

| CITY OF HEMPSTEAD, TEXAS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL. | § | |
| Defendants. | § | 506TH JUDICIAL DISTRICT |

## JOINT MOTION FOR ENTRY OF AGREED FINAL JUDGMENT

Plaintiff City of Hempstead ("Hempstead"), Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH"), Defendant Pintail Landfill, LLC ("Pintail") and Defendant Waller County, Texas; Glenn Beckendorff, in his official capacity as County Judge of Waller County, Texas; John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman in their official capacities as County Commissioner for Waller County, Texas, (collectively "Waller County"), file this Agreed Joint Motion for Entry of Agreed Final Judgment.

1.      On March 20, 2013, Hempstead filed suit against Waller County and Pintail for injunctive and declaratory relief. CALH filed its petition in intervention on March 21, 2013. On April 11, 2014, Hempstead filed its Second Amended Petition for Declaratory and Injunctive Relief and CALH filed its Second Amended Petition in Intervention.

2.      Pintail filed cross-claims and counter-claims, which were subsequently non-suited with the exception of Pintail's claim under the UDJA that Ordinance 2013-001 was valid.

3.     After a trial on the merits, the Court submitted the case to the jury on December 18, 2014. The charge and verdict is attached hereto as Exhibit A, and fully incorporated by reference.

4.     On January 14, 2015, CALH filed its First Amended Motion to Enter Judgment on the Verdict and First Amended Motion to Enter Judgment on Outstanding Issues of Law. On January 15, 2015, Hempstead filed its First Amended Motion for Entry of Judgment. On January 16, 2015, Waller County and Pintail filed their Motions for Judgment Notwithstanding the Verdict and Responses to CALH's and Hempstead's Motions to Enter Judgment on the Verdict and Motions to Enter Judgment on Outstanding Issues of Law.

5.     Subsequently, the Parties have entered into settlement negotiations and have reached a settlement agreement for entry of an agreed final judgment, resolving all issues in this lawsuit, except any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration NO. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such registration and permit application. The Parties request the Court to enter the judgment attached hereto as Exhibit B.

6.     All Parties agree to the proposed Agreed Final Judgment.

The Parties respectfully request that the Court grant their Joint Motion for Entry of Agreed Final Judgment.

Respectfully submitted,

Art Pertile
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
**ATTORNEYS FOR CITY OF HEMPSTEAD**

By:_____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
**ATTORNEYS FOR INTERVENORS/CITIZENS
AGAINST LANDFILL**

By:_____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
**ATTORNEYS FOR WALLER COUNTY
DEFENDANTS**

By:_____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
**ATTORNEYS FOR PINTAIL LANDFILL, LLC**

By:_____

Filed
AT 3:07 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY _____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas, Plaintiff | § | IN THE DISTRICT COURT OF |
| And | § | |
| CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, Plaintiff Intervenor | § | |
| v. | § | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY JUDGE BLENN BECKENDORFF, COMMISSIONER FRANK POKLUDA, COMMISSIONER STAN KITZMAN, COMMISSIONER JERON BARNET, COMMISSIONER JOHN AMSLER, and PINTAIL LANDFILL, L.L.C. Defendants. | § | 506th JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

1



Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1.      Do not let bias, prejudice or sympathy play any part in your decision.

2.      Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.      You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.      If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.      All the questions and answers are important. No one should say that any question or answer is not important.

6.      Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

2

7.      Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.      Do not answer questions by drawing straws or by any method of chance.

9.      Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10.     The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers to pay for another trial. If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1.     The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2.     Waller County is a governmental body.

3.     All questions for the Jury relate to the time period on or before February 13, 2013.

4

## DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1.      A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

        a.      "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

        b.      Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2.      "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3.      "Meeting" means:

        a.      A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

        b.      A gathering:
            i.      That is conducted by the governmental body;
            ii.     At which a quorum of members of the governmental body is present;
            iii.    That has been called by the governmental body, and;
            iv.     At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4.      "Closed Meeting" means a meeting to which the public does not have access.

5.      "Quorum" means a majority of a governmental body.

6.      A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.,

5

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: _____Yes_____ ("Yes" or "No")

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a) Host Agreement     **Answer:** _____Yes_____ ("Yes" or "No")

(b) Ordinance 2013-001     **Answer:** _____Yes_____ ("Yes" or "No")

8

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a) Host Agreement     **Answer:** _Yes_ ("Yes" or "No")

(b) Ordinance 2013-001     **Answer:** _Yes_ ("Yes" or "No")

9

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a)    Host Agreement        **Answer:** __Yes__ ("Yes" or "No")

(b)    Ordinance 2013-001    **Answer:** __Yes__ ("Yes" or "No")

10

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a)   Host Agreement          Answer: __Yes__ ("Yes" or "No")

(b)   Ordinance 2013-001      Answer: __Yes__ ("Yes" or "No")

## INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

13

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

Terry L. Flenniken
JUDGE PRESIDING

*Filed 93½*
*12.18.14*
*TLF, Judge Presiding*

16

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

*Verdict TRJ*

(To be signed by the presiding juror if the jury is unanimous.)

_____
PRESIDING JUROR

_____
Printed Name of Presiding Juror

*Verdict TRJ*

(To be signed by those rendering the verdict if the jury is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
|---|---|
| | Charles D. Steinmetz |
| Michael Lannon | Michael A. Lannon |
| Joyce Bean | Joyce Bean |
| | Randy Theiss |
| Joyce Callaway | Joyce Callaway |
| Lilliana Salinas | Lilliana Salinas |
| Scott McKenzie | Scott McKenzie Jr. |
| Robert L. Derrick | Robert L. Derrick |
| Juan Aviles | Juan Aviles |
| Nancy Willers | Nancy Willers |
| Trisha Smith | Trisha Smith |

17

| | |
|---|---|
| CITY OF HEMPSTEAD, TEXAS<br>　　　Plaintiff, | § | IN THE DISTRICT COURT OF |

CITY OF HEMPSTEAD, TEXAS §　　IN THE DISTRICT COURT OF
　　Plaintiff,　　　　　　　§
　　　　　　　　　　　　　§
and　　　　　　　　　　　 §
　　　　　　　　　　　　　§
CITIZENS AGAINST THE LANDFILL §　　WALLER COUNTY, TEXAS
IN HEMPSTEAD　　　　　　 §
　　　　　　　　　　　　　§
v.　　　　　　　　　　　　§
　　　　　　　　　　　　　§
WALLER COUNTY, TEXAS, ET. AL. §
　　Defendants.　　　　　　 §　　506TH JUDICIAL DISTRICT

## AGREED FINAL JUDGMENT

Before the Court is the above-styled and numbered cause of action. On December 1, 2014, the case was called for trial. Plaintiff City of Hempstead ("Hempstead") appeared through its attorney of record and announced ready for trial. Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH") appeared through its attorney of record and announced ready for trial. Defendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively "Waller County"), appeared in person and by their attorney of record and announced not ready for trial. Defendant, Pintail Landfill, LLC, ("Pintail") appeared in person and by its attorney of record and announced not ready for trial. After denying the Motions to Abate and Requests for Continuance, a jury, consisting of 12 qualified jurors having been previously demanded, was duly empanelled and the case proceeded to trial.



The Court, after examining the record and the evidence and argument of counsel, finds that venue is proper in Waller County, that the Court has jurisdiction over the subject matter and the parties in this case, and that the Court has jurisdiction to enter a judgment in this case.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1. The Parties also entered into certain Stipulations of Fact, which are incorporated for all purposed by reference, and attached hereto as Exhibit 2.

Following the verdict of the jury of December 18, 2014, Hempstead, CALH, Pintail Landfill and Waller County filed a Joint Motion for Entry of Agreed Final Judgment. In said Motion, the parties represent that they have reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court and have agreed to the entry of final judgment.

Accordingly, the Court renders the following Agreed Final Judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Waller County Ordinance No. 2013-001 is void.

IT IS FURTHER ORDERED that the Host Agreement between Waller County, Texas, and Pintail Landfill, LLC is void.

IT IS FURTHER ORDERED that Plaintiff City of Hempstead have and recover from Waller County attorneys' fees in the amount of Two Hundred Forty-Five Thousand Dollars and no cents ($245,000).

IT IS FURTHER ORDERED that Plaintiff-Intervenor Citizens Against the Landfill in Hempstead have and recover from Waller County attorneys' fees in the amount of Three Hundred Twenty-Five Thousand Dollars and no cents ($325,000).

IT IS FURTHER ORDERED that the total amount of the judgment rendered will bear interest at a rate of Five Percent (5%) per annum from the date of this judgment until paid in full.

Pursuant to the terms of the parties' settlement agreement giving rise to this Agreed Final Judgment, the parties do not present to this Court for adjudication, and this Court does not adjudicate, any issue concerning any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration No. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such Registration and Permit Application.

All costs of court spent or incurred in this cause are to be borne by the party incurring same. All writs and processes for the enforcement and collection of this judgment may issue as necessary.

All other relief requested in the live pleadings of any party that is not specifically granted is DENIED. This is a final judgment that disposes of all claims and parties.

SIGNED this _____ day of _____, 2015.


_____
TERRY L. FLENNIKEN, JUDGE PRESIDING

**AGREED AS TO FORM AND SUBSTANCE:**

Art Pertile

Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
**ATTORNEYS FOR CITY OF HEMPSTEAD**

By:_____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
**ATTORNEYS FOR WALLER COUNTY DEFENDANTS**

By:_____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
**ATTORNEYS FOR INTERVENORS/CITIZENS AGAINST LANDFILL**

By:_____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
**ATTORNEYS FOR PINTAIL LANDFILL, LLC**

By:_____

| CITY OF HEMPSTEAD, TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL. | § | |
| Defendants. | § | 506TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

Before the Court is the above-styled and numbered cause of action. On December 1, 2014, the case was called for trial. Plaintiff City of Hempstead ("Hempstead") appeared through its attorney of record and announced ready for trial. Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH") appeared through its attorney of record and announced ready for trial. Defendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively "Waller County"), appeared in person and by their attorney of record and announced not ready for trial. Defendant, Pintail Landfill, LLC, ("Pintail") appeared in person and by its attorney of record and announced not ready for trial. After denying the Motions to Abate and Requests for Continuance, a jury, consisting of 12 qualified jurors having been previously demanded, was duly empanelled and the case proceeded to trial.

The Court, after examining the record and the evidence and argument of counsel, finds that venue is proper in Waller County, that the Court has jurisdiction over the subject matter and the parties in this case, and that the Court has jurisdiction to enter a judgment in this case.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1. The Parties also entered into certain Stipulations of Fact, which are incorporated for all purposed by reference, and attached hereto as Exhibit 2.

Following the verdict of the jury of December 18, 2014, Hempstead, CALH, Pintail Landfill and Waller County filed a Joint Motion for Entry of Agreed Final Judgment. In said Motion, the parties represent that they have reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court and have agreed to the entry of final judgment.

Accordingly, the Court renders the following Agreed Final Judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Waller County Ordinance No. 2013-001 is void.

IT IS FURTHER ORDERED that the Host Agreement between Waller County, Texas, and Pintail Landfill, LLC is void.

IT IS FURTHER ORDERED that Plaintiff City of Hempstead have and recover from Waller County attorneys' fees in the amount of Two Hundred Forty-Five Thousand Dollars and no cents ($245,000).

IT IS FURTHER ORDERED that Plaintiff-Intervenor Citizens Against the Landfill in Hempstead have and recover from Waller County attorneys' fees in the amount of Three Hundred Twenty-Five Thousand Dollars and no cents ($325,000).

IT IS FURTHER ORDERED that the total amount of the judgment rendered will bear interest at a rate of Five Percent (5%) per annum from the date of this judgment until paid in full.

Pursuant to the terms of the parties' settlement agreement giving rise to this Agreed Final Judgment, the parties do not present to this Court for adjudication, and this Court does not adjudicate, any issue concerning any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration No. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such Registration and Permit Application.

All costs of court spent or incurred in this cause are to be borne by the party incurring same. All writs and processes for the enforcement and collection of this judgment may issue as necessary.

All other relief requested in the live pleadings of any party that is not specifically granted is DENIED. This is a final judgment that disposes of all claims and parties.

SIGNED this _____ day of _____, 2015.

_____
TERRY L. FLENNIKEN, JUDGE PRESIDING

**AGREED AS TO FORM AND SUBSTANCE:**

Art Pertile

Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
**ATTORNEYS FOR CITY OF HEMPSTEAD**

By:_____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
**ATTORNEYS FOR WALLER COUNTY DEFENDANTS**

By:_____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
**ATTORNEYS FOR INTERVENORS/CITIZENS AGAINST LANDFILL**

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
**ATTORNEYS FOR PINTAIL LANDFILL, LLC**

By:_____        By:_____

гнеu
AT 3:07 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY_____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | |
|---|---|
| CITY OF HEMPSTEAD, Texas, <br>    Plaintiff <br><br> And <br><br> CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, <br>    Plaintiff Intervenor <br><br> v. <br><br> WALLER COUNTY, TEXAS, COUNTY JUDGE BLENN BECKENDORFF, COMMISSIONER FRANK POKLUDA, COMMISSIONER STAN KITZMAN, COMMISSIONER JERON BARNET, COMMISSIONER JOHN AMSLER, and PINTAIL LANDFILL, L.L.C. <br>    Defendants. | IN THE DISTRICT COURT OF <br><br><br><br> WALLER COUNTY, TEXAS <br><br><br> 506th JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

1



Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

2

7.	Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.	Do not answer questions by drawing straws or by any method of chance.

9.	Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10.	The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers to pay for another trial. If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1.      The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2.      Waller County is a governmental body.

3.      All questions for the Jury relate to the time period on or before February 13, 2013.

4

# DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1. A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

    a. "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

    b. Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2. "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3. "Meeting" means:

    a. A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

    b. A gathering:
       i. That is conducted by the governmental body;
       ii. At which a quorum of members of the governmental body is present;
       iii. That has been called by the governmental body, and;
       iv. At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4. "Closed Meeting" means a meeting to which the public does not have access.

5. "Quorum" means a majority of a governmental body.

6. A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.

5

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: _____Yes_____ ("Yes" or "No")

6

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: _____Yes_____ ("Yes" or "No")

7

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a)     Host Agreement        Answer: ___Yes___ ("Yes" or "No")

(b)     Ordinance 2013-001     Answer: ___Yes___ ("Yes" or "No")

8

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a)    Host Agreement          **Answer:** ___Yes___ ("Yes" or "No")

(b)    Ordinance 2013-001       **Answer:** ___Yes___ ("Yes" or "No")

9

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a)    Host Agreement        Answer: __Yes__ ("Yes" or "No")

(b)    Ordinance 2013-001        Answer: __Yes__ ("Yes" or "No")

10

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a) Host Agreement     Answer: __Yes__ ("Yes" or "No")

(b) Ordinance 2013-001     Answer: __Yes__ ("Yes" or "No")

11

## INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

12

## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: _Yes_ ("Yes" or "No")

13

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1.      to preside during your deliberations,

2.      to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.      to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.      to vote on the questions,

5.      to write your answers to the questions in the spaces provided, and

6.      to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

Terry L. Flenniken
JUDGE PRESIDING

Filed 93 4/a
12.18.14
TLF, Judge Presiding

16

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

*Verdict th J*

(To be signed by the presiding juror if the ~~jury~~ is unanimous.)

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror *J*

*verdict th J*

(To be signed by those rendering the verdict if the ~~jury~~ is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
|---|---|
| | Charles D. STEINMETZ |
| | MICHAEL A. LANNON |
| | Joyce Bean |
| | Randy Theiry |
| | Joyce Callaway |
| | Lilliana Salinas |
| | Scott McKenzie Jr. |
| | Robert L. Derrick |
| | Juan Aviles |
| | Nancy Willers |
| | Trisha Smith |

17

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas,<br> Plaintiff | § | IN THE DISTRICT COURT OF |
| | § | |
| And | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL IN<br>HEMPSTEAD,<br> Plaintiff Intervenor | § | |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| WALLER COUNTY, TEXAS, COUNTY<br>JUDGE BLENN BECKENDORFF,<br>COMMISSIONER FRANK POKLUDA,<br>COMMISSIONER STAN KITZMAN,<br>COMMISSIONER JERON BARNET,<br>COMMISSIONER JOHN AMSLER, and<br>PINTAIL LANDFILL, L.L.C.<br> Defendants. | § | 506th JUDICIAL DISTRICT |

## AGREED STIPULATIONS OF FACT

COMES NOW Plaintiff City of Hempstead, Plaintiff Intervenor Citizens Against the Landfill in Hempstead, and Defendants Waller County, Texas, County Judge Glenn Beckendorff, Commissioner Frank Pokluda, Commissioner Stan Kitzman, Commissioner Jeron Barnett, Commissioner John Amsler, and Pintail Landfill, LLC and presents these Agreed Stipulations of Fact to the Court. The Parties agree that the existence of such stipulations shall not be published to the Jury or mentioned in argument before the jury.

I. Agreed Stipulations of Fact Regarding Contract Exception to Open Meetings Act, Texas Government Code § 551.0725.

Waller County Commissioners Court did not invoke Texas Government Code § 551.0725 (relating to Deliberation Regarding Contract Being Negotiated) to enter executive session or closed meeting on February 13, 2013, January 2, 2013, or December

*Received and filed. 12.17.14 5:43 p*

*Terry Flenniken*
*Judge Presiding*

AGREED STIPULATIONS OF FACT           Page 1 of 3


EXHIBIT
2

19, 2012. The Waller County agenda notices and minutes for these meetings do not claim Texas Government Code § 551.0725 as authority for entering executive session.

Further, Waller County Commissioners Court did not meet any of the requirements to deliberate business or financial issues relating to a contract being negotiated, which are enumerated in Texas Government Code § 551.0725. Specifically, (1) the Waller County Commissioners Court did not vote unanimously that deliberation would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; (2) the attorney advising the Waller County Commissioners Court did not issue a written determination that deliberation in an open meeting would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; and (3) the Waller County Commissioners Court did not make a tape recording of the closed meeting.

II. **Agreed Stipulation of Fact Regarding Extraterritorial Jurisdiction of City of Hempstead.**

The Ordinance 2013-001 authorizes and allows disposal of solid waste within certain areas of the City of Hempstead's extraterritorial jurisdiction ("ETJ"). Those certain areas consist of the areas described in Exhibit A of Ordinance 2013-001 that are within one mile of the city limits of the City of Hempstead.

III. **Agreed Stipulation of Fact that the Host Agreement is a Contract.**

The Host Agreement is a contract.

Agreed:

Kelly Dempsey
Kdempsey@olsonllp.com
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

V. Blayre Peña
bpena@hslawmail.com
Wesley P. McGuffey
wmcguffey@hslawmail.com
Hance Scarborough, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Facsimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Facsimile: (979) 826-8989
ATTORNEYS FOR
INTERVENORS/CITIZENS AGAINST
LANDFILL

By: _____

J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

# EXHIBIT F

THE STATE OF TEXAS §
                                §   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF WALLER §

## RESOLUTION IN SUPPORT OF MOTION TO DISMISS
Concerning *Beckendorff et. al. v. City of Hempstead, et. al., No. 14-15-00322-CV,*
*On Appeal from the 506th Judicial District Court of Waller County Texas*

**WHEREAS**, following the verdict of the jury of December 18, 2014 in case entitled, *City of Hempstead and Citizens Against the Landfill in Hempstead v. Waller County, Texas, et al.*; Cause No. 13-03-21872, all parties filed a Joint Motion for Entry of Agreed Final Judgment; and

**WHEREAS** in the Agreed Final Judgment signed on February 20, 2015, all parties to the suit represented that they had reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court; and

**WHEREAS** the Commissioners Court of Waller County, Texas finds that the Judgment was final and disposed of all claims and parties and became binding; and

**WHEREAS** a Notice of Appeal from the Agreed Final Judgment was then filed on April 2, 2015 by Glenn Beckendorff, purporting to be in his official capacity as Waller County Judge; and

**WHEREAS** Frank Pokluda and Stan Kitzman both purporting to be in their official capacities as Commissioner Precinct 2, and Commissioner Precinct 4, respectively, joined in the Notice of Appeal filed by Glenn Beckendorff; and

**WHEREAS**, the appellants Glenn Beckendorff, Frank Pokluda, and Stan Kitzman have no authority and standing to appeal the Agreed Final Judgement because appellants have ceased to hold office after December 31, 2014, and

**WHEREAS**, the Commissioners Court of Waller County, Texas has given no authorization to pursue an Appeal of the Agreed Final Judgment, and

EXHIBIT
A

**WHEREAS**, the Commissioners Court does not seek to disturb the Agreed Final Judgment reached with all parties in the original suit;

**NOW THEREFORE, BE IT RESOLVED**, that Waller County acting by and through its Commissioners Court respectfully requests that the Court of Appeals for the Fourteenth District of Texas dismiss the current pending matter entitled, *Glenn Beckendorff, in his Offical Capacity as Waller County Judge, et al. v. City of Hempstead, et al;* Cause No. 14-15-00322, and authorizes and instructs Waller County District Attorney, Elton R. Mathis to file a Motion to Dismiss on behalf of Waller County.

PASSED and APPROVED on the _10th_ day of June, 2015, by a vote of _4_ ayes and _0_ nays

_1_ **abstained**

Carbett "Trey" Duhon III
Waller County Judge

ATTEST

County Clerk

# EXHIBIT G

NO. _____

## IN THE COURT OF APPEALS
_____ JUDICIAL DISTRICT OF TEXAS
### HOUSTON, TEXAS

## GLENN BECKENDORFF,

**Appellant,**

v.

## CITY OF HEMPSTEAD, TEXAS,
## CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, and
## PINTAIL LANDFILL, LLC,

**Appellees.**

STATE OF TEXAS    )
                     )
COUNTY OF HARRIS   )

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Floyd Glenn Beckendorff, a person whose identity is known to me, who upon his oath first administered by me, stated the following:

1.     My name is Floyd Glenn Beckendorff. I am over 21 years of age and am otherwise fully capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2.     I was County Judge of Waller County at all times relevant to this lawsuit except after December 31, 2014 when I did not seek re-election.

1


EXHIBIT A

3.    It was my understanding that I was no longer going to be a party to the lawsuit after December 31, 2014 because I was no longer an elected official. Further, it was not necessary that I participate.  It was the office of Judge of the County that was being sued--not the individual.

4.    I further understood that I did not and would not have representation through counsel selected by the insurer for the county after December 31, 2014 but would not need any such representation.

5.    Ever  since the verdict was rendered, I had intended to consider an appeal if one was available or necessary.

6.    After a review by David Carp of the Court's file  on March 11, 2015, I found out through David Carp about the alleged "Agreed Final Judgment."

7.    I was not a part of any negotiations directed to an agreed final judgment of which I would be a part of or affected by. And I was not aware of any negotiations that were in progress.

8.    The failure to file the Notice of Appeal by March 23rd was not deliberate or intentional but was the result of inadvertence, mistake or mischance due to whether I was represented by counsel, whether I was a party to the suit and what I consider failure to receive notice of the negotiations regarding the "Agreed Final Judgment."

FURTHER AFFIANT SAYETH NAUGHT.

_Floyd Glenn Beckendorff_
Floyd Glenn Beckendorff

**SUBSCRIBED AND SWORN TO BEFORE ME** on this _____ day of April, 2015 to certify which witness my hand and seal of office.

_Ann Jacobs_
Notary Public in and for the
State of Texas

ANN JACOBS
MY COMMISSION EXPIRES
April 17, 2016

**NO. _____**

## IN THE COURT OF APPEALS
_____ JUDICIAL DISTRICT OF TEXAS
## HOUSTON, TEXAS

## GLENN BECKENDORFF,

**Appellant,**

**v.**

## CITY OF HEMPSTEAD, TEXAS,
## CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, and
## PINTAIL LANDFILL, LLC,

**Appellees.**

STATE OF TEXAS   )
                          )
COUNTY OF HARRIS )

### AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared David A. Carp, a person whose identity is known to me, who upon his oath first administered by me, stated the following:

1.    My name is David A. Carp. I am over 21 years of age and am otherwise fully capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

1

EXHIBIT  B

2.      I am an attorney duly licensed to practice law in the State of Texas for over 30 years and am a partner in Herzog & Carp.

3.      I was contacted by Floyd Glenn Beckendorff about a lawsuit involving several Waller County political entities. My understanding was that a jury verdict had been rendered in December, 2014. Judge Beckendorff had not run for re-election and thus ceased to be a public official as of December 31, 2014. Judge Beckendorff wanted to be in a position to appeal.

4.      I talked to several attorneys associated with the case who indicated they felt that TRAP 7.2 calls for automatic substitution of public officers, and that because of Judge Beckendorff's status he was no longer a party to the suit and that the newly elected county judge had become a party to the suit in Judge Beckendorff's place.

5.      I analyzed the status of the suit and reviewed the court's file. At this time I found that an "Agreed Final Judgment" had been signed by the trial court even though Judge Beckendorff apparently had no knowledge or participation.

6.      If Judge Beckendorff is going to have remedies adjudicated against him in the Judgment, he should not be denied any opportunity

2

allowing due process of appeal or other challenge, which cannot be properly addressed without this requested extension of time.

FURTHER AFFIANT SAYETH NAUGHT.

_____
David A. Carp

**SUBSCRIBED AND SWORN TO BEFORE ME** on April 3, 2015 to certify which witness my hand and seal of office.

_____
Notary Public in and for the
State of Texas

ANN JACOBS
MY COMMISSION EXPIRES
April 17, 2016

3

# EXHIBIT H



May 14, 2015

Mr. David A. Carp                                     *Via Fax: (713)781-4797*
Herzog & Carp                                        *and email: dcarp@hcmlegal.com*
427 Mason Park Boulevard
Katy, Texas 77450

Re:   Cause No. 14-15-00322; *Glenn Beckendorff, in his Offical Capacity as Waller County Judge, et al. v. Ciy of Hempstead, et al.*; in the Fourteenth Court of Appeals, Houston, Texas.

Mr. Carp,

We have now had a chance to review the record and conduct some additional research concerning this appeal. This letter will outline the steps we intend to take on behalf of our clients, the City of Hempstead and CALH.

First, we will file a motion to transfer to the First Court of Appeals. Such a transfer is in accordance with the First and Fourteenth Courts' local rules. The courts have a good reason for enacting these rules, and we think they will appreciate us getting the case in the correct court.

Second, we will file a notice to the court that the individuals named in the notices of appeal are no longer the officials for Waller County. Suits against individuals in their official capacities are suits against the governmental entity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). Recognizing this, the Texas Rules of Appellate Procedure provide for an automatic substitution of the current officeholder when the officeholder changes. *See* Tex. R. App. P. 7.2(a). Accordingly, this appeal by your clients in their official capacities requires that the current officials be substituted for the current named appellants.

Third, because suits against individuals in their official capacities are suits against the governmental entity, and your clients were sued in their official capacities, we will file a motion to show authority. As I understand it, you do not represent Waller County, the governmental entity against whom this suit was brought, both directly and by suing its officials in their official capacity.

Fourth, we will be filing a motion to dismiss on three basic grounds.

1.    Judge Beckendorff's notice of appeal was not timely. A timely notice of appeal is a jurisdictional prerequisite. A motion for extension of time may be filed within 15 days of the date the notice of appeal was due, which I believe Judge Beckendorff complied with. *See* Tex. R. App. 26.3. However, to be a valid motion for extension of time, the motion must include a reason for the late filing under Rules 26.3 and 10.5(b), as well as

the *Verburgt v. Dorner* line of cases. Judge Beckendorff's motion does not contain a reasonable explanation for the late filing. As for your other clients, their notices of appeal are timely only if Judge Beckendorff's is , timely. *See* Tex. R. App. P. 26.1(d).

2.  Because the individuals named as your clients are no longer the elected officials of Waller County, your named clients have no standing to pursue this appeal. As stated above, a suit against individuals in their official capacity is a suit against the governmental entity. Because they are no longer representatives of Waller County, your clients are not proper parties to this suit.

3.  The lawyers representing Waller County and its elected officials signed an agreed judgment and joined in a motion for entry of that judgment. There was no indication that Waller County or its elected officials disagreed with the judgment or intended to appeal any portion of that judgment. Therefore, the elected officials of Waller County have waived the right to complain of the agreed judgment on appeal. *See Exch., Inc. v. Long.*, 821 S.W.2d 265, 275 (Tex. App.—Houston [1st Dist.] 1991, writ denied) ("Generally, a party who files a motion for rendition of a judgment waives its right to complain about that judgment") (citing *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex. 1984)).

Fifth, and finally, we will file a motion for sanctions on the grounds that this appeal is frivolous. *See* Tex. R. App. P. 45. As of now, we have limited the time spent on this matter. However, to move forward with researching and presenting these motions, and to gather the necessary documents from the record of the trial court and elsewhere (e.g., the official election results for the Waller County judge and commissioners) will involve considerable time by us and our respective staffs. Thus, the attorneys' fees sought as sanctions may be significant. We will also explore any other appropriate avenue for recovering the attorneys' fees incurred as a result of this appeal.

Please consider this letter an inquiry for certificate of conference purposes for the motions to transfer, substitute the correct officials, and to show authority. We will assume opposition to the motion to dismiss unless you inform me differently. We hope we can have a productive dialogue about this. To that end, one or the both of us will call you later. Alternatively, please feel free to call us when you have the opportunity. If we do not hear from you by Tuesday, May 19, we will assume you are opposed to all the motions mentioned above and begin preparing the motions for filing.

May 14, 2015
*David A. Carp*
Page 3

Very truly yours,

Eric C. Farrar
For the City of Hempstead

Blayre Pena
For CALH

EF/lb

cc:
Elton Mathis
Ruhee Leonard
Attorneys for Waller County and its elected officials in their official capacity

# EXHIBIT I

| | | |
|---|---|---|
| GLENN BECKENDORFF, IN HIS OFFICIAL CAPACITY AS WALLER COUNTY JUDGE, ET. AL | § § § § | IN THE FIRST COURT OF |
| | § | APPEALS |
| v. | § § | |
| CITY OF HEMPSTEAD AND CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD | § § § § | HOUSTON, TEXAS |

## AFFIDAVIT OF V. BLAYRE PEÑA

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned Notary Public on this day, personally appeared V. Blayre Peña, known to me to be the person whose name is subscribed hereto, and after being duly sworn on her oath stated the following:

1. My name is V. Blayre Peña. I am an attorney and partner with the law firm Hance Scarborough, LLP. I am a member in good standing with the State Bar of Texas and have never been subject to any disciplinary action by the State Bar of Texas. I am of sound mind, over the age of eighteen, have never been convicted of a felony, and am otherwise competent to make this affidavit.

2. I am the attorney of record for Appellee Citizens Against the Landfill in Hempstead. I have personal knowledge of the facts stated in this affidavit and in the foregoing Motion to Dismiss and Motion for Sanctions. I was the lead trial attorney for CALH resulting in the Agreed Final Judgment the subject of this appeal, and I was also the lead appellate attorney for CALH related to the pre-trial appellate proceedings. The facts within this affidavit and the foregoing Motion are true and correct.

1

3.    Exhibit A, B, C, D, E, F, G, and H are true and correct copies.

4.    Since 6 April 2015, the date appellant Beckendorff filed his notice of appeal, I have performed 20 hours of work on this matter, including:

a) Review of the litigation file for this matter;
b) Review of appellants' notice of appeal and appellant Beckendorff's motion for extension of time;
c) Researching the authority of former elected officials to bring or defend official capacity suits;
d) Researching elements of the court's jurisdiction, and requirements for standing and capacity;
e) Preparing and coordinating with counsel for the City of Hempstead sending the letter explaining the baseless nature of this appeal;
f) Preparing and filing the Motion to Dismiss and Motion for Sanctions;
g) Conferring with all parties' counsel concerning the various motions; and
h) Preparing this affidavit in support of damages.

5.    Due to the nature of this case and the amount of time spent thus far in this appeal, it is my opinion that reasonable attorney's fees in this case total at least $7,500.00.  Based on the hour reasonably spent on this appeal thus far, this represents an hourly rate of $375.00, which is reasonable rate for a civil lawyer practicing in this area.

6.    Should this appeal proceed, additional attorney's fees will be incurred. In my opinion, given the unusual aspects of this case, the large record from the underlying trial, and the number of parties, full briefing on the merits will require an additional 30 hours, minimum, of reasonable and necessary work, depending on the nature and number of issues raised by appellants.  Based on an hourly rate of $375.00, this represents an additional $11,250.00 in reasonable and necessary attorney's fees.

7.    Should the Court grant oral argument, additional attorney's fees will be incurred.  In my opinion, full preparation for oral argument will require an additional 20 hours, minimum, of reasonable and necessary work, depending on the nature and number of issues raised by appellants.  Based on an hourly rate of

2

$375.00, this represents an additional $7,500.00 in reasonable and necessary attorney's fees.

8.     My opinions are based upon my training and experience as a lawyer, and an analysis of various other factors. With regard to my training as a lawyer, I graduated from the University of Tulsa, School of Law in 2005. I started my practice in Round Rock with the law firm of Dietz & Jarrard, P.C. In 2009, I joined the litigation section of Hance Scarborough, LLP. During my career as an attorney, I have focused my practice almost exclusively on civil litigation. I have handled multiple cases, both from the plaintiff and defendant sides. I have provided testimony, previously as an expert witness, in state court and make it a general practice to keep abreast of the legal fees that are being charged by my peers and colleagues.

9.     I have reviewed the factors in Rule 1.04 of the Texas Rules of Professional Conduct, as well as Texas Supreme Court precedent of *Arthur Anderson* and *Chapa*. I believe the applicable factors expressed in those cases and Rule 1.04 supports my opinions. Specifically, I analyzed the time and labor (factor 1) and believe that the time spent by me was required, reasonable and necessary.

10.    I am aware of many of the legal rates charged by lawyers in Austin, Hempstead, and Houston. Based on my discussions with attorneys from the Hempstead and Waller County area, the fee customarily charged by lawyers in the locality for similar legal services ranges between $250.00 and $500.00 (factor 3). This factor also supports the reasonableness and amount of CALH's request for fees.

11.    As it relates to factor 7, our firm works very hard to maintain a reputation in the community and to maintain its professional ability at the highest level. I believe these are appropriate factors to consider in setting a reasonable fee. In my opinion, the fees and expenses charged in this frivolous appeal would be customary for any other lawyer of similar experience, reputation, and skill. At all times, we have attempted to handle these matters in a professional manner, abiding by the Texas Lawyer's Creed, and striving to prepare a work product that was commensurate with the sophistication of the case and the expectations of courts in Waller County and the First Court of Appeals. It is my opinion that we met the level of skill necessary to handle this case.

3

12. I do not believe the other factors in Rule 1.04 affect the analysis on the reasonableness of the fees sought by CALH.

13. Based upon all these factors, I believe the fees incurred by CALH in filing the motion to dismiss and motion for sanctions, as well as anticipated fees should the appeal not be dismissed, are reasonable and necessary.

FURTHER AFFIANT SAYTH NOT.

_____
V. Blayre Peña

SWORN TO AND SUBSCRIBED before me by V. Blayre Peña on this 18th day of June, 2015, to certify which witness my hand and seal of office.

_____
Notary Public – State of Texas

MARY PICKETT
MY COMMISSION EXPIRES
July 29, 2016

4